# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**755**

**CA 13-00007**

PRESENT: SMITH, J.P., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF MANUEL MOSLEY,
PETITIONER-APPELLANT,

V                                                  MEMORANDUM AND ORDER

MALCOLM R. CULLY, SUPERINTENDENT, COLLINS
CORRECTIONAL FACILITY AND BRIAN FISCHER,
COMMISSIONER, NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
RESPONDENTS-RESPONDENTS.

---

MANUEL MOSLEY, PETITIONER-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF COUNSEL), FOR RESPONDENTS-RESPONDENTS.

-----------------------------------------------------------------------

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Penny M. Wolfgang, J.), entered November 7, 2012 in a CPLR article 78 proceeding. The judgment granted the motion of respondents to dismiss the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier II disciplinary hearing, that he violated an inmate rule. Supreme Court properly granted respondents' motion to dismiss the petition. The record establishes that the proceeding was untimely inasmuch as it was commenced more than four months after the final administrative determination (*see* CPLR 217 [1]; *Matter of Jackson v Fischer*, 78 AD3d 1335, 1335, *lv denied* 16 NY3d 705). Petitioner contends that the proceeding was timely insofar as it challenged the denial of his grievance related to the inmate rule violation, and that the court therefore erred in failing to rule on the merits of that challenge. That contention lacks merit. Even assuming, arguendo, that the proceeding was timely with respect to the denial of petitioner's grievance, we conclude that the allegations of the petition "were not 'sufficiently particular to give the court and parties notice' " that petitioner was also challenging the denial of his grievance, and thus the court had no reason to consider that purported challenge (*Matter of Abreu v Hogan*, 72 AD3d 1143, 1143, *appeal dismissed* 15 NY3d 836,

quoting CPLR 3013).