■ COSTIGAN & COMPANY, P.C., et al., Respondents, v ANDREW J. COSTIGAN et al., Appellants, et al., Defendants. [758 NYS2d 312] —Order, Supreme Court, New York County (Helen Freedman, J.), entered April 11, 2002, which denied defendants' motion for a default judgment on their counterclaim, unanimously reversed, on the law and the facts, without costs, defendants' motion granted and the matter remanded for further proceedings.

Defendants' motion for a default judgment was improperly denied by the IAS court since it relied on noncompliance with rule 24 (a) of the Rules of the Justices of the Commercial Division. That rule purports to bar a motion unless a prior conference has been held on the issue raised by the motion. Since such a rule effectively conditions the making of a motion on prior judicial approval, it violates a party's statutory right to make a motion and is void (see Hochberg v Davis, 171 AD2d 192, 194-195 [1991]). Our review of the record reveals that plaintiffs have not met their burden for opposing appellants' motion for a default judgment. While plaintiffs make conclusory claims that they never received defendants' counterclaims, the affidavit of service is uncontroverted and plaintiff William Costigan acknowledged in related federal proceedings that he had in fact been served. Significantly, William Costigan has only submitted conclusory allegations regarding defendants' entitlement to payments and such evidence does not entitle plaintiffs to relief from their default (see e.g. Lopez v Trucking & Stratford, 299 AD2d 187 [2002]). Concur—Buckley, P.J., Tom, Rosenberger, Ellerin and Williams, JJ.