■ PATRICK D. BARRETT, Individually and as a Limited Partner of DELMA ASSOCIATES, LP, Appellant, v KEVORK TOROYAN et al., Respondents. [826 NYS2d 566]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered March 22, 2006, which, insofar as appealed from as limited by plaintiff's brief, permitted Delma Associates, LP to advance certain litigation expenses, unanimously modified, on the law and the facts, to prohibit advancement of litigation expenses to Delma Associates II, and direct that any expenses already advanced to Delma Associates II be restored to Delma Associates, LP, and otherwise affirmed, without costs. Order, same court and Justice, entered April 13, 2006, which marked plaintiff's motion for disclosure withdrawn, unanimously reversed, on the law and the facts, and the matter remanded for determination by the motion court.

With respect to the March 22 order, we address defendants' argument based on the advancement provision in the partnership agreement even though raised for the first time on appeal (*see Natradeze v Rubin*, 33 AD3d 535 [2006]). The provision, which gives the general partner the "absolute right" to obtain legal and other expert counsel at the expense of the partnership, even in litigation commenced by a limited partner, such as this, plainly permits advancement of litigation expenses to general partner Delma Partners, Inc., and just as plainly disallows advancement of litigation expenses to Delma Associates II, which is not a general partner and not otherwise mentioned in the advancement provision (*see Homestore, Inc. v Tafeen*, 888 A2d 204, 211-213 [Del 2005]; *cf.* Del Code Ann, tit 6, § 17-108). The April 13 order, which was issued on plaintiff's motion for disclosure and merely states "motion is withdrawn," was either made in error, as plaintiff claims not to have withdrawn his motion, or improperly transcribed, and we accordingly remand for a further statement of the court's decision. The representation

on appeal that the order was based on the motion court's rules requiring leave of the court to make a disclosure motion must be mistaken, in view of the precedents of this Court invalidating such rules (*see Matter of Hochberg v Davis*, 171 AD2d 192 [1991]; *Costigan & Co. v Costigan*, 304 AD2d 464 [2003]). Concur—Saxe, J.P., Sullivan, Nardelli, Sweeny and Malone, JJ.