■ Carlos Macias et al., Respondents, v City of Yonkers, Appellant. [885 NYS2d 613]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered January 16, 2008, as, upon reargument, adhered to so much of a determination in a prior order of the same court (Giacomo, J.), entered September 11, 2007, as denied its motion

pursuant to CPLR 3126, inter alia, to dismiss the complaint, and denied that branch of its motion which was for leave to renew its motion pursuant to CPLR 3126.

Ordered that the order is modified, on the facts, on the law, and in the exercise of discretion, by deleting the provision thereof, upon reargument, adhering to so much of the original determination in the order entered September 11, 2007, as denied the defendant's motion pursuant to CPLR 3126, inter alia, to dismiss the complaint and substituting therefor a provision, upon reargument, vacating the determination in the order entered September 11, 2007; as so modified, the order entered January 18, 2008, is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of the defendant's motion pursuant to CPLR 3126, on the merits, in accordance herewith.

In this action to recover damages for personal injuries, the defendant moved pursuant to CPLR 3126, on the basis of the plaintiffs' failure to comply with its discovery demands and discovery orders, to dismiss the complaint or, in the alternative, to preclude the plaintiffs from offering any testimony with regard to the infant plaintiff's alleged injuries or medical treatment. The Supreme Court refused to consider those portions of the defendant's supporting affidavit that exceeded the court's page limit, and denied the motion as unsupported. The defendant then moved for leave to reargue and renew its motion pursuant to CPLR 3126. The Supreme Court denied leave to renew, granted leave to reargue, and, upon reargument, adhered to the original determination.

Courts operating under the individual assignment system are authorized to establish rules for the proceedings before them (*see* 22 NYCRR 9.1). Those rules, however, and the procedures by which they are enforced, must be reasonable. As the rules of this Court demonstrate, page limits on submissions are appropriate (*see* 22 NYCRR 670.10-c [a] [3]), as is the rejection of papers that fail to comply with those limits (*see* 22 NYCRR 670.10-a [f]). It is not reasonable, however, for a court to accept papers that do not comply with the court's page limitation and then refuse to read the noncompliant pages, denying, as a consequence, substantive relief that may be warranted. Having accepted the defendant's supporting papers, the Supreme Court should have considered the entire affidavit submitted in support of the defendant's motion, inter alia, to dismiss the complaint. Accordingly, we remit the matter to the Supreme Court, Westchester County, for a new determination on the merits of the defendant's motion pursuant to CPLR 3126.

In light of the foregoing, we need not address the defendant's remaining contention. Spolzino, J.P., Dillon, Miller and Dickerson, JJ., concur.