Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 9, 2013, which, to the extent appealed from, denied plaintiff’s motion to compel defendant to respond to certain discovery requests, and order, same court (Joan M. Kenney, J.), entered June 17, 2013, which granted defendant’s motion to dismiss the complaint pursuant to CELR 3211, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying plaintiff’s motion to compel in the 2011 action. For one and a half years after the commencement of that action plaintiff failed to raise the issue of interrogatories or document demands, despite a number of chances to do so at compliance conferences, and despite the IAS court’s rules requiring all outstanding discovery matters to be raised at compliance conferences (see Macias v City of Yonkers, 65 AD3d 1298 [2d Dept 2009]; see also 22 NYCRR 9.1). Elaintiff also failed to raise this issue at the final compliance conference in November 2012, which took place one month before plaintiff was to file the note of issue.
Elaintiff misplaces reliance on inapposite cases in which local rules denied litigants a right to make a motion and were held to be invalid (see e.g. Barrett v Toroyan, 35 AD3d 278 [1st Dept 2006]).
Supreme Court properly exercised its discretion in dismissing the 2013 action. The court has broad discretion to dismiss an action on the ground that another action is pending between *445 the same parties arising out of the same subject matter or series of alleged wrongs, and it is inconsequential that different legal theories or claims were set forth in the two actions (Whitney v Whitney, 57 NY2d 731 [1982]; see also Syncora Guar. Inc. v J.P. Morgan Sec. LLC, 110 AD3d 87, 96 [1st Dept 2013]). Nor was there good reason for the two actions to proceed separately.
Moreover, we note that plaintiff commenced the 2013 action in an apparent attempt to overcome her failure to amend her complaint in the 2011 action as directed in a September 11, 2012 order in that action. Supreme Court appropriately dismissed the 2013 action on this ground as well (see Velez v Union Sanitorium Assn., 106 AD2d 280, 281 [1st Dept 1984], affd 64 NY2d 1119 [1985]).
We have considered plaintiffs remaining contentions and find them unavailing.
Concur — Mazzarelli, J.E, Sweeny, Renwick, Freedman and Gische, JJ.