■ In the Matter of EAST 91ST STREET CRANE COLLAPSE LITIGATION. DONALD RAYMOND LEO, Respondent, v CITY OF NEW YORK et al., Defendants, and HOWARD I. SHAPIRO & ASSOCIATES CONSULTING ENGINEERS, P.C., Appellant. (And Third-Party Actions.) XHEVAHIRE SINANAJ et al., Respondents, v CITY OF NEW YORK et al., Defendants, and HOWARD I. SHAPIRO & ASSOCIATES CONSULTING ENGINEERS, P.C., Appellant. [990 NYS2d 19]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered June 12, 2013, which denied defendant Howard I. Shapiro & Associates Consulting Engineers, P.C.'s (Engineers) motion for summary judgment dismissing the complaints and all cross claims against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Engineers, a professional engineering firm, established its entitlement to summary dismissal of the claims alleging that it negligently inspected the crane and should have noticed that the turntable mechanism connecting the operator's cab to the tower contained defective steel welding, which allegedly caused the cab to break loose and fall to the ground. Its principal stated

that the services it was retained to provide on the subject construction project largely concerned the capacity of the site to accommodate the massive tower crane, as well as the proper installation and placement of the crane to allow it to operate without obstruction, and that these duties did not include inspection of the component parts of the crane.

Issues of fact are not raised by Engineers' principal's letter to defendant New York City Department of Buildings nine days before the accident stating that he had directed a technician to inspect the crane earlier that day, and that the technician had found "no notable deficiencies." The letter indicates that the inspection was limited in scope, and does not amount to an assurance that the crane's internal parts were free of defects. Thus, Engineers did not have "the opportunity to avoid or correct the unsafe condition" and cannot be held liable for negligent inspection (*Carter v Vollmer Assoc.*, 196 AD2d 754, 754 [1st Dept 1993]).

Engineers established its entitlement to summary dismissal of the Labor Law §§ 240 (1); 241 (6) and 241-a claims, since there is no evidence that it had "any duty or authority to direct that any action be taken by the [owner or contractor] in response to its inspection" (*Carter*, 196 AD2d at 754).

Insofar as the motion court may have denied otherwise-warranted relief based on its refusal to consider pages in the moving papers in excess of the court's page limits, we note that this refusal was an improvident exercise of discretion, given that the court accepted the papers and ruled on the motion (*see Macias v City of Yonkers*, 65 AD3d 1298 [2d Dept 2009]). Concur—Friedman, J.P., Sweeny, Andrias, Saxe and Kapnick, JJ.