Matter of McGee v Putnam County Assistant Dist. Attorney David M. Bishop (2021 NY Slip Op 01826)





Matter of McGee v Putnam County Assistant Dist. Attorney David M. Bishop


2021 NY Slip Op 01826


Decided on March 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

532179

[*1]In the Matter of James P. McGee, Appellant,
v
Putnam County Assistant District Attorney David M. Bishop et al., Respondents.

Calendar Date: February 11, 2021

Before: Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.


Tilem & Associates, PC, White Plains (Peter H. Tilem of counsel), for appellant.
Jennifer S. Bumgarner, County Attorney, Carmel (Dina M. DiBlasi of counsel), for respondents.



Garry, P.J.
Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Grossman, J.), entered July 25, 2019 in Putnam County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review determinations of respondents denying petitioner's Freedom of Information Law requests.
During 2017 and 2018, petitioner sent the Putnam County District Attorney (hereinafter the DA) three separate, voluminous packets of papers, outlining allegedly criminal behavior by employees of a local town, its police department and the DA's office, and asked the DA to review them and commence criminal investigations and proceedings. Each time, the DA sent petitioner a letter stating that, after a thorough review of the submitted materials, he did not believe that he had enough information to warrant a criminal investigation. After receiving each such letter, petitioner filed a request with the DA's office, pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]), seeking access to any and all documents and electronic communications reviewed, created or obtained in connection with the DA's determination not to initiate criminal proceedings, excepting petitioner's own submissions and correspondence.
Respondent David M. Bishop, an Assistant District Attorney and the office's records access officer (hereinafter the RAO), denied petitioner's first FOIL request on the ground that the DA's office did not possess records responsive to his request. Petitioner did not file an administrative appeal of that denial. Upon petitioner's second FOIL request, the RAO informed him that the only materials reviewed in addition to his submissions consisted of two federal court decisions in cases to which petitioner was a party, copies of which were ultimately provided to petitioner. The RAO further indicated that the DA's office generated two emails during the review. The first email contained a summary of petitioner's submission, with the two court decisions included as attachments. The second email included a draft response as an attachment. The RAO denied disclosure of the two emails and the draft response as exempt inter-office communications. Petitioner filed an administrative appeal to respondent MaryEllen Odell, the Putnam County Executive who also functions as the FOIL appeals officer (hereinafter the appeals officer). The appeals officer denied some aspects of the appeal and remitted the remainder of the matter to the RAO to, among other things, clarify what submissions the DA had reviewed.[FN1] Upon remittal, the RAO stated that no further records responsive to the request were created or retained, although he provided petitioner with copies of the two emails, one of which was heavily redacted. Petitioner then filed with the appeals officer a "follow-up" FOIL appeal request. After an extended time, the appeals officer responded that the previous [*2]responses had fully addressed the appeal. In the meantime, the RAO denied petitioner's third FOIL request because no responsive documents existed. The appeals officer denied petitioner's related administrative appeal.
Petitioner, who was then self-represented, commenced this CPLR article 78 proceeding seeking, among other things, to annul respondents' determinations and compel their compliance with his FOIL requests and related appeals. Supreme Court initially ordered respondents to produce the emails for an in camera review. Additionally, having concluded that the RAO's second and third FOIL responses failed to include a certification that the DA's office did not have possession of the demanded records or that the records could not be found after a diligent search, the court permitted the RAO to provide such certification. Following an in camera review, Supreme Court determined that the emails were exempt from disclosure under the intra-agency exemption because they were deliberative and did not contain any final policy decisions (see Public Officers Law § 87 [2] [g]). Insofar as the RAO certified that the DA's office did not possess any demanded records or that the demanded records could not be found after a diligent search, the court dismissed the petition in its entirety.[FN2] Petitioner appeals.
Petitioner argues that respondents violated the requirement under 21 NYCRR 1401.7 (b) that "[t]he records access officer shall not be the appeals officer." We disagree, finding that each officer performed the functions of his or her respective role; the RAO acted as the records access officer, and the appeals officer acted as the FOIL appeals officer. The directive that the appeals officer issued to the RAO concerning the review of petitioner's appeal requests upon remittal did not constitute an impermissible delegation of her duties or transform the RAO into a surrogate appeals officer. Thus, respondents did not violate this regulation.
"Pursuant to FOIL, government agencies are required to make available for public inspection and copying all governmental records, unless the agency can demonstrate that such documents are statutorily exempt from disclosure by Public Officers Law § 87 (2)" (Matter of Jamison v Watson, 176 AD3d 1405, 1406 [2019] [internal quotation marks and citations omitted]; see Matter of Police Benevolent Assn. of N.Y. State, Inc. v State of New York, 165 AD3d 1434, 1435 [2018]). Pursuant to Public Officers Law § 87 (2) (g), an "agency may deny access to . . . inter-agency or intra-agency materials which are not: (i) statistical or factual tabulations or data; (ii) instructions to staff that affect the public; (iii) final agency policy or determinations; [or] (iv) external audits" (see Matter of Miller v New York State Dept. of Transp., 58 AD3d 981, 984-985 [2009], lv denied 12 NY3d 712 [2009]). "The point of the intra-agency exception is to permit people within an agency to exchange opinions, advice and criticism freely [*3]and frankly, without the chilling prospect of public disclosure" (Matter of New York Times Co. v City of N.Y. Fire Dept., 4 NY3d 477, 488 [2005] [citations omitted]). Further, "[a]n agency is not required to create records in order to comply with a FOIL request" (Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 464 [2007]; see Public Officers Law § 89 [3] [a]; Matter of He'ron v Office of the Dist. Attorney, Bronx County, 96 AD3d 531, 531 [2012], lv denied 19 NY3d 815 [2012]). "When an agency is unable to locate documents properly requested under FOIL, Public Officers Law § 89 (3) requires the agency to 'certify that it does not have possession of a requested record or that such record cannot be found after diligent search.' The statute does not specify the manner in which an agency must certify that documents cannot be located" (Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875 [2001] [brackets omitted]; accord Matter of McFadden v Fonda, 148 AD3d 1430, 1431-1432 [2017]).
In response to petitioner's complaints about the veracity of the RAO's FOIL responses, and despite petitioner not having complained about the lack of certifications, Supreme Court reasonably granted the RAO a short time in which to provide such certifications. Petitioner's continued challenges to the veracity of the certifications are unsupported and based on speculation. To the extent that the certifications may be confusing or ambiguous because both state that no responsive records could be located although some records had been disclosed to petitioner in response to his second FOIL request, the certification related to that request can be reasonably read to mean that no additional documents could be located.
Regarding Supreme Court's in camera review, as it is unclear whether the court reviewed the emails alone or the attachments as well, we have reviewed the emails and attachments. The second email was provided to petitioner in unredacted form and the attachments to the first email are the two federal cases that were disclosed to petitioner. The attachment to the second email is a draft response that is exempt from disclosure as intra-agency material that does not include final policy or determinations (see Public Officers Law § 87 [2] [g]). However, in the first email itself, we find that some of the redacted material includes factual data that is not subject to exemption (see Public Officers Law § 87 [2] [g] [i]). Thus, we direct the DA's office to provide a copy of the June 22, 2018 email without redaction of the following: the first sentence of the first paragraph and the first sentence of the second paragraph under the heading of "Cover Letter," and the first sentence under the heading of "655-Page Response." The remainder of that email was properly redacted as intra-agency material.
Petitioner contends that respondents disclosed copies of two federal cases but improperly withheld copies of other cases, based on the RAO's statement, in his [*4]response upon remittal on the first FOIL appeal, that "some research was performed during the review that involved case law." "[I]f . . . records are maintained electronically by an agency and are retrievable with reasonable effort, that agency is required to disclose the information" (Matter of Data Tree, LLC v Romaine, 9 NY3d at 464). "On the other hand, if the agency does not maintain the records in a transferable electronic format, then the agency should not be required to create a new document to make its records transferable" (id. at 465). Although "[r]ecords held by third parties on behalf of a government agency are 'records' which are presumptively subject to disclosure pursuant to FOIL" (Matter of Livson v Town of Greenburgh, 141 AD3d 658, 660 [2016]), FOIL defines "'records' as information kept or held 'by, with or for an agency'" (Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale, 87 NY2d 410, 417 [1995], quoting Public Officers Law § 86 [4]). The footer information on the two federal cases that were provided to petitioner indicate that they were located on and printed from the website of an online legal research company. It appears, from the RAO's statement, that the DA conducted additional legal research on that website but did not print or save any other cases, so he did not create another record and had nothing further to disclose. As an agency is not required to create a new document to make its own records transferable, it logically follows that an agency is not required to print out or make an agency document for every webpage of another entity that is viewed by employees of the agency. Moreover, cases on a legal research company's website are not being held "by, with or for an agency" (Public Officers Law § 86 [4]). Accordingly, despite petitioner's insistence that more disclosable records must exist in relation to legal case research conducted by the DA, the RAO's certifications verify that no such records exist.
Regarding petitioner's procedural argument, courts may establish rules for proceedings before them (see 22 NYCRR 9.1 [a]; Macias v City of Yonkers, 65 AD3d 1298, 1299 [2009]). "Those rules, however, and the procedures by which they are enforced, must be reasonable" (Macias v City of Yonkers, 65 AD3d at 1299). Supreme Court's part rule at issue states that, "[a]bsent express permission obtained in advance from the [c]ourt, briefs/memoranda of law are limited to 20 pages each, and affirmations and affidavits are limited to 15 pages each. Papers exceeding these limitations may not be considered, or may be rejected, by the [c]ourt" (Part Rules of J. Grossman § IV [A] [3]). Thus, the part rule specifically informed all litigants that the court could either reject or simply not consider noncompliant papers. Supreme Court noted that both petitioner's and respondents' memoranda of law and respondents' reply papers exceeded the page limit in the part rule, without permission[*5].[FN3] The court stated in its decision that it would consider the entirety of the parties' initial memoranda, "but with respect to [p]etitioner's reply affidavit and reply memorandum of law, the [c]ourt will only consider the first 15 and 20 pages, respectively, in accordance with this [c]ourt's [p]art [r]ules" (see Part Rules of J. Grossman § IV [A] [3]). Under the circumstances, we conclude that the procedure by which the court enforced its page-limit rule was reasonable (see Hornsby v Cathedral Parkway Apts. Corp., 179 AD3d 584, 584 [2020]; compare Matter of East 91st St. Crane Collapse Litig., 119 AD3d 437, 438 [2014]; Macias v City of Yonkers, 65 AD3d at 1299). In any event, upon our own review of petitioner's entire reply papers, we find that no additional relief is warranted.
Pursuant to Public Officers Law § 89 (4) (c) (i), a court may award counsel fees and costs to a petitioner who has "substantially prevailed" in a CPLR article 78 proceeding challenging the denial of a FOIL request and where "the agency failed to respond to a request or appeal within the statutory time" (see Matter of Legal Aid Socy. v New York State Dept. of Corr. & Community Supervision, 105 AD3d 1120, 1121 [2013]). "A petitioner substantially prevails under Public Officers Law § 89 (4) (c) when it receives all the information that it requested and to which it was entitled in response to the underlying FOIL litigation" (Matter of 101CO, LLC v New York State Dept. of Envtl. Conservation, 169 AD3d 1307, 1311 [2019] [internal quotation marks, brackets and citations omitted], lv dismissed 34 NY3d 1010 [2019]). Though the RAO did not — until ordered by Supreme Court — properly certify that no responsive records could be located after a diligent search, his FOIL responses had informed petitioner that no responsive documents existed (compare Matter of Legal Aid Socy. v New York State Dept. of Corr. & Community Supervision, 105 AD3d at 1121-1122). Moreover, petitioner did not complain about the lack of formal certification and, even after receiving the certifications, he continued to complain that the RAO was not truthful in denying the existence of responsive documents. All that petitioner received in this litigation — after this appeal — is three sentences of an email that provide basic factual information about his own submissions. Therefore, petitioner did not substantially prevail in this litigation (compare Matter of Baez v Brown, 124 AD3d 881, 884-885 [2015], lv dismissed 26 NY3d 981 [2015]).
Even if petitioner had substantially prevailed, the RAO timely responded to petitioner's FOIL requests and the appeals officer timely responded to the first administrative appeal. Although the appeals officer did not timely respond to petitioner's "follow-up" request, such application was not a proper appeal that technically required a response. The appeals officer's response to petitioner's second FOIL appeal, which was dated November 15, 2018, indicated that the appeal [*6]was not received until November 26, 2018; thus, her response dated December 10, 2018 was provided on the tenth business day after receipt, rendering it timely (see Public Officers Law § 89 [4] [a]). As petitioner did not substantially prevail and respondents timely responded to his FOIL requests and appeals, he was not entitled to an award of counsel fees and costs (see Public Officers Law § 89 [4] [c] [i]).
We have considered petitioner's remaining arguments and find them to be without merit.
Egan Jr., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by directing respondent David M. Bishop to provide petitioner with a copy of the June 22, 2018 email without redaction of the first sentence of the first paragraph and the first sentence of the second paragraph under the heading of "Cover Letter," and the first sentence under the heading of "655-Page Response"; petition granted to said extent; and, as so modified, affirmed.



Footnotes

Footnote 1: This remittal was based on petitioner's assertions that his submissions contained lists or categories of documents that were not included, but that he had requested the DA to obtain on his own and review. Had the DA obtained those documents, they would be responsive to petitioner's FOIL request. The appeals officer's remittal required the RAO to clarify whether the DA had reviewed only the documents submitted by petitioner or whether additional suggested documents had been obtained and reviewed.

Footnote 2: Supreme Court found that any arguments regarding petitioner's first FOIL request were time-barred (see CPLR 217 [1]). That request is not at issue on appeal.

Footnote 3: Petitioner's memorandum of law was 36 pages, respondents' memorandum of law was 30 pages, petitioner's reply affirmation was 160 pages and his reply memorandum was 129 pages.