Kaplan v 55th St. Apts. Inc. (2025 NY Slip Op 01169)

Kaplan v 55th St. Apts. Inc.

2025 NY Slip Op 01169

Decided on February 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2025

Before: Manzanet-Daniels, J.P., Kennedy, González, Rosado, Michael, JJ. 

Index No. 655243/19|Appeal No. 3801-3802|Case No. 2024-05057 2024-05059|

[*1]Harvey W. Kaplan, D.D.S., Plaintiff-Respondent,
v
55th Street Apartments Inc., et al., Defendants-Appellants. [And a Third-Party Action] 

Foster Garvey PC, New York (Maurice W. Heller of counsel), for appellants.
Drohan Lee LLP, New York (Vivian Rivera Drohan of counsel), for respondent.

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about April 23, 2024, which denied defendants' motion for summary judgment dismissing the complaint and on their first two counterclaims on the ground that their memoranda of law failed to comply with 22 NYCRR 202.8-b(a) and (c), and order, same court and Justice, entered on or about June 20, 2024, which denied defendants' motion, in effect, to renew their summary judgment motion based on revised memoranda of law, unanimously affirmed, with costs.
Courts "are authorized to establish rules for the proceedings before them," provided those "rules . . . and the procedures by which they are enforced, must be reasonable" (Macias v City of Yonkers, 65 AD3d 1298, 1299 [2d Dept 2009]). It is appropriate for courts to set page or word limits on submissions, and to reject papers that fail to comply with those limits (id.). Here, the motion court providently exercised its discretion in denying defendants' motion for summary judgment because, without seeking permission, they submitted memoranda of law that far exceeded the page limits set by 22 NYCRR 202.8-b(a) (see Hornsby v Cathedral Parkway Apts. Corp., 179 AD3d 584 [1st Dept 2020]). Defendants also failed to attach certifications of word count as required by 22 NYCRR 202.8-b(c).
Defendants' motion to "correct," properly viewed as a motion to renew (see Garner v Latimer, 306 AD2d 209, 210 [1st Dept 2003]), asked the court to excuse their procedural error pursuant to CPLR 2001 and to consider their summary judgment motion on the merits (see Narvaez v Sammartino, 154 AD3d 500, 501 [1st Dept 2017]; Ramos v Dekhtyar, 301 AD2d 428, 429 [1st Dept 2003]). However, the proposed memorandum of law submitted by defendants was still substantially in excess of the word limit set by 22 NYCRR 202.8-b(a). Furthermore, it does not appear that the case is so complex, factually or legally, as to require an exception to the usual rule.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2025