Reyes v City of New York (2025 NY Slip Op 03545)

Reyes v City of New York

2025 NY Slip Op 03545

Decided on June 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 10, 2025

Before: Moulton, J.P., González, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 157358/21|Appeal No. 4572|Case No. 2024-03474|

[*1]Jose A. Reyes, Plaintiff-Appellant,
v
City of New York et al., Defendants-Respondents.

Jeffrey L. Schwimmer, New York, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondents.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered on or about April 22, 2024, which denied plaintiff's motion pursuant to CPLR 3126 to strike defendants' answer or, in the alternative, pursuant to CPLR 3124 to compel defendants to fully comply with plaintiff's discovery demands, and to set the matter down for a preliminary conference, unanimously reversed, on the law, without costs, and the matter remanded for Supreme Court to consider whether defendants should be compelled to comply with plaintiff's discovery demands and whether defendants' conduct was willful and contumacious.
To the extent plaintiff seeks a preliminary conference, Supreme Court has since addressed that request for relief in its March 3, 2025 case scheduling order, which set a compliance conference date under the differentiated case management program applicable to tort actions against the City (see Vazquez v 3M Co., 177 AD3d 428, 429 [1st Dept 2019]). This case scheduling order is part of the NYSCEF record of this case in Supreme Court, of which we may take judicial notice (see Kazantzis v Cascade Funding RM1 Acquisitions Grantor Trust, 217 AD3d 410, 411 [1st Dept 2023]).
As to the remainder of plaintiff's motion, Supreme Court improvidently exercised its discretion in denying the motion on the ground that plaintiff failed to first conference the matter with the court in accordance with its Part Rules. The court may not condition the making of a motion on prior judicial approval (see Costigan & Co. v Costigan, 304 AD2d 464, 464 [1st Dept 2003]).
We decline to substitute our discretion for that of the motion court in deciding whether defendants should be compelled to comply with plaintiff's discovery demands pursuant to CPLR 3124 or whether defendants' answer should be struck pursuant to CPLR 3126. "[I]t generally is within the discretion of the motion court to determine the appropriate penalty to be imposed against an offending party" (Spira v Antoine, 191 AD2d 219, 219 [1st Dept 1993]). While "[t]his Court is vested with the power to substitute its own discretion for that of the motion court, even in the absence of abuse," it is "a power we rarely and reluctantly invoke" (Estate of Yaron Ungar v Palestinian Auth., 44 AD3d 176, 179 [1st Dept 2007]). Because the motion court never reached the merits of the disclosure issues, we decline to exercise our discretion in the first instance (see Briarpatch Ltd., L.P. v Briarpatch Film Corp., 68 AD3d 520, 520 [1st Dept 2009]) and remand for consideration of the motion on the merits.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2025