■ In the Matter of Carlos Abreu, Appellant, v Michael F. Hogan, as Commissioner of Mental Health, et al., Respondents. [897 NYS2d 773]—

Egan Jr., J. Appeal from a judgment of the Supreme Court (Devine, J.), entered July 6, 2009 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

In this CPLR article 78 proceeding, petitioner challenges numerous prison disciplinary determinations rendered against him from October 2002 to September 2008 and the denial of petitioner's grievance challenging certain correctional facility practices and procedures. Supreme Court granted respondents' pre-answer motion to dismiss the petition, finding that the challenges to the disciplinary determinations issued prior to May 2008 were time-barred and the challenges to the disciplinary determinations made subsequent to May 2008 failed to comply with the requirements of CPLR 3013. The court did not address petitioner's challenge to the July 25, 2008 determination by the Central Office Review Committee (hereinafter CORC) regarding the unavailability of a sex offender program at petitioner's facility. Petitioner now appeals.

Initially, as the controlling four-month statute of limitations (*see* CPLR 217 [1]) had expired with respect to the final disciplinary determinations rendered against petitioner prior to May 2008, Supreme Court properly dismissed the challenge to those determinations as untimely (*see Matter of Smith v Goord*, 42 AD3d 839 [2007]). In addition, petitioner's conclusory and factually unsupported allegations in the amended petition concerning the remaining disciplinary determinations rendered in September 2008 were not "sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action" (CPLR 3013).

Therefore, the challenges to those determinations were also properly dismissed (*see Matter of Escalera v State of New York*, 67 AD3d 1137, 1137-1138 [2009]; *Matter of Johnson v Goord*, 290 AD2d 844, 844-845 [2002]).

Although not addressed by Supreme Court, we find that petitioner did sufficiently state a cause of action regarding the July 25, 2008 determination by CORC denying his grievance challenging the unavailability of a sex offender program at petitioner's facility. As we are also satisfied that petitioner exhausted his administrative remedies with respect to this contention, respondents' motion to dismiss should have been denied with respect to CORC's July 25, 2008 determination, and we remit to Supreme Court for a determination as to that issue.

Finally, as respondent Commissioner of Mental Health was not involved in the disciplinary determinations or the grievance procedure and is without authority to grant relief requested by petitioner, he is not a proper party to this proceeding (*see Matter of Cepeda v Murray*, 228 AD2d 749 [1996]).

Petitioner's remaining contentions have been examined and found to be lacking in merit.

Cardona, P.J., Peters, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted respondents' motion dismissing that portion of the petition challenging the unavailability of a sex offender program at petitioner's facility; motion denied to that extent and matter remitted to the Supreme Court to permit respondents to serve an answer within 15 days of the date of this Court's decision; and, as so modified, affirmed.