■ In the Matter of JACK DAVIS, Appellant, v ANDREA EVANS, as Chair of the Division of Parole, et al., Respondents. [948 NYS2d 175]—

Petitioner commenced this CPLR article 78 proceeding seeking to challenge the Division of Parole's denial of his request pursuant to the Freedom of Information Law for portions of his "Parole Summary." The order to show cause directed that, among other things, petitioner serve the two named respondents, the Chair of the Division of Parole and the Attorney General,* by first class mail on or before May 21, 2010. Respondent Attorney General was thereafter duly served with the order to show cause. Respondents' answer interposed various objections in point of law, including the assertion that petitioner failed to obtain jurisdiction over respondent Chair of the Division of Parole by serving a copy of the executed order to show cause in conformance with the requirements set forth therein. Supreme Court dismissed the petition, prompting this appeal.

We affirm. Where, as here, there has been no showing that petitioner's imprisonment presented an obstacle to compliance, his failure to serve the petition and related papers as directed by the order to show cause requires dismissal of the petition on jurisdictional grounds (*see Matter of Maddox v Fischer*, 89 AD3d 1265 [2011]; *Matter of Chavis v Helf*, 89 AD3d 1352, 1353 [2011]). Notably, petitioner did not present anything disputing the affidavit from an employee of the Division of Parole averring that a signed copy of the order to show cause had not been received as of June 11, 2010—three weeks after the date set forth in the order to show cause. Moreover, while petitioner did serve the Attorney General as a party, the record confirms that petitioner's request for information was directed to and denied by the Division of Parole as the sole "agency involved" (Public Officers Law § 89 [4] [b]). Thus, although not specifically addressed by Supreme Court, we find merit to the objection in point of law that the Attorney General is not a proper party herein (*see Matter of Abreu v Hogan*, 72 AD3d 1143, 1144 [2010], *appeal dismissed* 15 NY3d 836 [2010]). Accordingly, the petition was properly dismissed in its entirety.

Peters, P.J., Rose, Spain, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* The order to show cause also directed that the Attorney General be served as counsel for respondents.