Matter of Union Carbide Corp. v New York State Dept. of Envtl. Conservation (2020 NY Slip Op 07445)





Matter of Union Carbide Corp. v New York State Dept. of Envtl. Conservation


2020 NY Slip Op 07445


Decided on December 10, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

530766

[*1]In the Matter of Union Carbide Corporation et al., Appellants,
v
New York State Department of Environmental Conservation, Respondent.

Calendar Date: October 21, 2020

Before: Egan Jr., J.P., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Bryan Cave Leighton Paisner LLP, New York City (Courtney J. Peterson of counsel), for appellants.
Letitia James, Attorney General, Albany (Robert M. Goldfarb of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the Supreme Court (Young, J.), entered September 16, 2019 in Albany County, which partially dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioners' Freedom of Information Law requests.
In 2017, petitioner Union Carbide Corporation and two other entities were sued in federal court by commercial and residential property owners as a result of respondent's public declarations that radioactive slag was placed on their properties by Union Carbide's predecessor in the early 1960s. The properties at issue in the litigation are removal sites, which include, but are not limited to, sites located on Niagara Falls Boulevard in the City of Niagara Falls, Niagara County (hereinafter the NFB site) and at Holy Trinity Cemetery located in the Town of Lewiston, Niagara County (hereinafter the HTC site). In 2008, respondent conducted a study (hereinafter the fingerprinting study) that showed that the composition of the slag produced at the predecessor's facility in the 1960s was markedly different from, and thus was not, the source of the slag found at the NFB site and the HTC site. However, respondent continued to maintain that Union Carbide's predecessor was the source of the radioactive slag at these sites, which resulted in Union Carbide being named a defendant in the federal action. Petitioners learned of the fingerprinting study and its conclusions as a result of a Freedom of Information Act (see 5 USC § 552) request made to the Environmental Protection Agency (hereinafter EPA) and the response by the EPA, which included the production of documents (hereinafter the fingerprinting documents) as well as the EPA's determination that the slag from the 1960s did not match the slag found at the NFB site and the HTC site. In order to establish its defense in the federal litigation, petitioners made three related Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) requests to respondent in 2017 and 2018. The requests included, among other things, various categories of documents relating to the fingerprinting documents (hereinafter documents relating to the fingerprinting documents) and communications sent or received by Tom Papura (hereinafter the Papura communications), respondent's radiation specialist who headed the fingerprinting study and authored some of the fingerprinting documents.
Petitioners' initial FOIL request was submitted in June 2017 and sought 10 categories of documents related to, among other things, any investigation, remediation or removal activities of radioactive material located at or under certain named removal sites. In December 2017, petitioners received a partial response, which included records that were redacted pursuant to Public Officers Law § 87 (2) (g). At the suggestion of respondent's Records Access Officer, petitioners agreed to narrow their request to expedite an "initial production[*2]" and submitted a modified request (hereinafter the modified June 2017 FOIL request) that significantly narrowed the original FOIL request and excluded emails. Respondent released certain records in January 2018, and notified petitioners that "portions of responsive records have been redacted or withheld pursuant to [Public Officers Law] § 87 (2) (g) as they contain deliberative intra-agency communications, and [Public Officers Law] § 87 (2) (b) to prevent an unwarranted invasion of personal privacy." The records provided to petitioners in February 2018, in response to the modified June 2017 FOIL request, did not contain documents relating to the fingerprinting documents or emails. Moreover, respondent did not state that documents relating to the fingerprinting documents had been withheld under any exemption or privilege or could not be located after a diligent search. Petitioners then asked that documents relating to the fingerprinting documents be produced and were advised that all records in respondent's files relative to the NFB site and the HTC site had been produced or could be accessed in hard copy records. Again, respondent did not state that documents relating to the fingerprinting documents had been withheld under any exemption or privilege or could not be located after a diligent search. On February 13, 2018, petitioners received hard copy documents that contained the fingerprinting documents themselves but did not contain any documents relating to the fingerprinting documents or any emails. No other documents were released that purported to be responsive to petitioners' June 2017 FOIL request or the modified June 2017 FOIL request.
Petitioners' second FOIL request, submitted on February 14, 2018, sought to recover email communications, documents and the Papura communications that had not been obtained from the modified June 2017 FOIL request. The second request also sought production of documents relating to a third site. On February 15, 2018, respondent claimed that "any records in possession of [respondent] responsive to the request have already been furnished to you." Less than a week later, only records relating to the radioactive slag found at the third site were released. Petitioners were informed that no additional responsive records were found with respect to the February 2018 FOIL request. In March 2018, petitioners submitted a third FOIL request, which mirrored the February 2018 FOIL request, seeking documents relating to the fingerprinting documents and Papura communications that had not previously been provided. In the months that followed, respondents produced a few Papura communications but no documents relating to the fingerprinting documents.
In August 2018, petitioners filed an administrative appeal, contending that, with respect to all three FOIL requests, respondent improperly denied access to the fingerprinting documents and other communications relating to the fingerprinting study. Respondent's FOIL [*3]Appeals Officer determined that the first two FOIL requests had been administratively closed since records responsive to those requests had been uploaded to GovQA, the state's online records management system for FOIL. The Appeals Officer further determined that, while the third request was properly before the Appeals Officer, additional records had been uploaded in response to the appeal and the third FOIL request, rendering petitioners' administrative appeal moot.
In February 2019, petitioners commenced this CPLR article 78 proceeding seeking, among other things, to annul respondent's determination with respect to all three FOIL requests, to compel respondent to perform a diligent search for and to provide all records sought and for an award of counsel fees. Respondent answered and simultaneously moved to dismiss the petition. Respondent also submitted for Supreme Court's in camera review copies of all documents withheld or redacted in response to the three FOIL requests, along with a privilege log that purported to justify its actions pursuant to Public Officers Law § 87 (2) (b) and (g). Respondent also claimed that the proceeding was untimely commenced and that petitioners failed to exhaust their administrative remedies.
As an initial matter, Supreme Court found that, because respondent's responses to the FOIL requests were ongoing and nonfinal, the proceeding was timely commenced and that petitioners did not fail to exhaust their administrative remedies. After reviewing the withheld documents, Supreme Court granted the petition to the extent of directing respondent to disclose a 17-page site classification report, but otherwise dismissed the petition, finding that the remaining submitted documents were statutorily protected from disclosure. The court also denied petitioners' request for counsel fees. Petitioners appeal.
Petitioners contend, among other things, that Supreme Court erred in conducting an in camera inspection of the withheld documents and determining in the first instance that the documents were statutorily protected from disclosure. We agree. "FOIL imposes a broad duty of disclosure on government agencies and all agency records are presumptively available for public inspection and copying unless one of the statutory exemptions applies, permitting the agency to withhold the records" (Matter of Hepps v New York State Dept. of Health, 183 AD3d 283, 287 [2020] [internal quotation marks, brackets and citations omitted]; see Public Officers Law §§ 84, 87 [2]; Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 73 [2017]; Matter of Gould v New York City Police Dept., 89 NY2d 267, 274-275 [1996]; Matter of Police Benevolent Assn. of N.Y State, Inc. v State of New York, 165 AD3d 1434, 1435 [2018]). "The exemptions are narrowly construed, with the burden on [the] respondent to demonstrate that an exemption applies" (Matter of Hepps v NYS Dept. of Health, 183 AD3d at 287 [internal quotation marks and citations omitted[*4]]; see Public Officers Law § 89 [4] [b]). "[T]o invoke one of the exemptions of [Public Officers Law §] 87 (2), the agency must articulate particularized and specific justification for not disclosing requested documents" (Matter of Gould v New York City Police Dept., 89 NY2d at 275 [internal quotation marks and citation omitted]; see Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 462-463 [2007]). "Judicial review of an administrative determination is limited to the grounds invoked by the agency and the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 74 [internal quotation marks, brackets and citations omitted]; see Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y., 16 NY3d 360, 368 [2011]).
In this case, the administrative determination was that the first two FOIL requests were closed and that the administrative appeal with respect to the third FOIL request was moot given the production of responsive records prior to and following the filing of the appeal. As such, Supreme Court's review was limited to whether the appeal was moot on the basis offered by the FOIL Appeals Officer, that being, whether all responsive records had been provided. By virtue of respondent's in camera submission of additional documents to the court, it was evident that all responsive records had not been provided, and the administrative determination should have been annulled. However, in reviewing the subject documents and finding that those documents, with the exception of the site classification report, were statutorily exempted from disclosure, Supreme Court went beyond its mandate to "judge the propriety of [the agency's] action solely by the grounds invoked by the agency" (Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y., 16 NY3d at 368 [internal quotation marks and citations omitted]). Accordingly, there was no basis for the court to determine that any exemption justified the withholding or redacting of the additional documents submitted to the court (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 74-75). Inasmuch as the record demonstrates that additional documents responsive to petitioners' FOIL requests exist and were not yet produced or examined by respondent's FOIL Appeals Officer, we remit to Supreme Court to direct respondent to respond to petitioners' FOIL requests by reviewing the additional subject documents and to determine in the first instance whether they are statutorily exempted from disclosure under the Public Officers Law.
Petitioners also contend that Supreme Court improvidently denied their request for counsel fees. "The Public Officers Law authorizes an award of [counsel] fees where the petitioner has substantially prevailed in the FOIL proceeding and the agency either lacked a reasonable basis for denying access [*5]to the requested records or failed to respond to a request or appeal within the statutory time" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 78-79 [internal quotation marks and citations omitted]; see Matter of 101CO, LLC v New York State Dept. of Envtl. Conservation, 169 AD3d 1307, 1311 [2019], lv dismissed 34 NY3d 1010 [2019]; Matter of Competitive Enter. Inst. v Attorney Gen. of N.Y., 161 AD3d 1283, 1284-1285 [2018]; Matter of Legal Aid Socy. v New York State Dept. of Corr. & Community Supervision, 105 AD3d 1120, 1121 [2013]). "A petitioner substantially prevails under Public Officers Law § 89 (4) (c) when it receives all the information that it requested and to which it was entitled in response to the underlying FOIL litigation" (Matter of Gannett Satellite Info. Network, LLC v New York State Thruway Auth., 181 AD3d 1072, 1074 [2020] [internal quotation marks and citations omitted]). Although Supreme Court's findings that this proceeding was timely commenced and that petitioners had not failed to exhaust their administrative remedies were determinations in petitioners' favor, petitioners have not substantially prevailed within the meaning of the Public Officers Law, as they have not received all the information that they requested and to which they were entitled in response to the underlying FOIL litigation (see Matter of Gannett Satellite Info. Network, LLC v New York State Thruway Auth., 181 AD3d at 1074). Accordingly, we affirm Supreme Court's denial of petitioners' request for counsel fees, without prejudice. We have considered the parties' remaining contentions and find them to be without merit.
Egan Jr., J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as partially dismissed petitioners' application; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.