Matter of Vertucci v New York State Dept. of Transp. (2021 NY Slip Op 03647)





Matter of Vertucci v New York State Dept. of Transp.


2021 NY Slip Op 03647


Decided on June 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 10, 2021

531598
[*1]In the Matter of Anthony Vertucci, as Administrator of the Estate of Erin McGowen, Deceased, Respondent,
v
New York State Department of Transportation et al., Appellants.

Calendar Date:April 20, 2021

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for appellants.
Whiteman Osterman & Hanna LLP, Albany (Paul E. Davenport of counsel), for respondent.



Egan Jr., J.
Appeal from a judgment of the Supreme Court (Lynch, J.), entered April 29, 2020 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondents denying petitioner's Freedom of Information Law requests.
On October 6, 2018, a 2001 Ford Excursion stretch limousine was involved in a catastrophic accident at the intersection of Route 30 and Route 30A in the Town of Schoharie, Schoharie County that killed Erin McGowen (hereinafter decedent), as well as 19 others. In June 2019, petitioner, the administrator of decedent's estate, submitted Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) requests to both respondents seeking various categories of preaccident records pertaining to the limousine, including registration and inspection information, notices of violation, suspensions and any documents regarding prior administrative hearings involving the subject vehicle. The records access officers for respondents denied the requests on the grounds that the records sought were exempt from disclosure by federal statutes and regulations (see Public Officers Law § 87 [2] [a]) and that the records were compiled for law enforcement purposes (see Public Officers Law § 87 [2] [e]). Petitioner's subsequent administrative appeals were denied on the same grounds.[FN1]
Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul the determinations, compel respondents' compliance with the FOIL requests and obtain counsel fees and costs. Supreme Court granted the petition, determining that respondents had failed to meet their burden of proving that the requested records were exempt from disclosure (see Public Officers Law §§ 87 [2] [a], [e], [g]), ordered the withheld documents to be disclosed and awarded petitioner counsel fees and costs. Respondents appeal.
Initially, respondents advise that, in February 2021, they released to petitioner the documents requested in his FOIL requests, thus rendering moot petitioner's challenge to respondents' initial denials (see Matter of Associated Gen. Contrs. of N.Y. State, LLC v Dormitory Auth. of the State of N.Y., 173 AD3d 1523, 1525 [2019], lv denied 34 NY3d 906 [2019]; Matter of Cobado v Benziger, 163 AD3d 1103, 1105 [2018]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). However, this development does not render moot respondents' challenge to Supreme Court's award of counsel fees and costs (Matter of Gannett Satellite Info. Network, LLC v New York State Thruway Auth., 181 AD3d 1072, 1074 [2020]; Matter of Associated Gen. Contrs. of N.Y. State, LLC v New York State Thruway Auth., 173 AD3d 1526, 1527 [2019]).
Pursuant to Public Officers Law § 89 (4) (c) (i), reasonable counsel fees and other litigation costs may be awarded where a petitioner has substantially prevailed in a FOIL proceeding and the court finds that the agency lacked a reasonable basis for denying access [*2]to the requested records (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 78-79 [2017]). "A pertinent consideration in determining whether an agency had a reasonable basis for denying a FOIL request is whether the agency reasonably claimed the records were exempt from disclosure under Public Officers Law § 87 (2), although the denial may still have been reasonable even if the records are ultimately deemed not to be exempt" (Matter of New York State Defenders Assn. v New York State Police, 87 AD3d 193, 195 [2011] [citations omitted]; accord Matter of Competitive Enter. Inst. v Attorney Gen. of N.Y., 161 AD3d 1283, 1285 [2018]).
Respondents do not contest that petitioner substantially prevailed (see Public Officers Law § 89 [4] [c]), but argue that they nonetheless had a reasonable basis to withhold the requested documents at the time of petitioner's FOIL requests (see Public Officers Law § 87 [2] [a], [e], [g]). We disagree. With regard to respondents' argument that federal law prohibited them from providing the requested documents, Public Officers Law § 87 (2) (a) does permit an agency "to deny access to records if they "are specifically exempted from disclosure by state or federal statute." However, no federal statute exists prohibiting respondents from releasing these requested documents. Although the National Transportation Safety Board has promulgated a federal regulation that prohibits parties to its investigations "from releasing information obtained during an investigation at any time prior to the [National Transportation Safety Board's] public release of information" (49 CFR 831.13 [c]), a regulation is not a statute and, therefore, does not fall within the ambit of this narrowly construed exemption (see Matter of Brownstone Publs. v New York City Dept. of Fin., 150 AD2d 185, 186-187 [1989], lv denied 75 NY2d 791 [1990]; Matter of Zuckerman v New York State Bd. of Parole, 53 AD2d 405, 407-408 [1976]; see also Matter of Morris v Martin, 82 AD2d 965, 966 [1981], revd 55 NY2d 1026 [1982]).
Respondents next contend that they were justified in denying access to the requested documents under FOIL's "law enforcement exemption" (see Public Officers Law § 87 [2] [e]). Public Officers Law § 87 (2) (e) (i) exempts from disclosure those records, or portions thereof, that "are compiled for law enforcement purposes and which, if disclosed, would . . . interfere with law enforcement investigations or judicial proceedings." In order to claim entitlement to the law enforcement exemption, respondents were required to articulate a factual basis "identify[ing] the generic kinds of documents for which the exemption is claimed, and the generic risks posed by disclosure of these categories of documents" (Matter of Lesher v Hynes, 19 NY3d 57, 67 [2012]; accord Matter of Abdur-Rashid v New York City Police Dept., 31 NY3d 217, 225-226 [2018]).
The affirmations submitted by respondents in support of this exemption merely quoted the language [*3]of the statute (see generally Matter of West Harlem Bus. Group v Empire State Dev. Corp., 13 NY3d 882, 884-885 [2009]) and, in conclusory and speculative fashion, averred that the exemption justified denial of access to the requested records, without providing factual assertions from anyone with personal knowledge demonstrating that the requested records were actually compiled for law enforcement purposes, either generally or specifically, in connection with the investigation of this accident (see Public Officers Law § 87 [2] [e] [i]-[iv]; Matter of Dioso Faustino Freedom of Info. Law Request v City of New York, 191 AD3d 504, 506 [2021]; compare Matter of Disability Rights New York v New York State Commission of Corrections, ___ AD3d ___, ___, 2021 NY Slip Op 03098, *2-4 [2021]).[FN2] Finally, to the extent that respondents' assert that the requested documents were exempt from disclosure as intra- or inter-agency materials (see Public Officers Law § 87 [2] [g]), again, other than parroting the statutory language, the conclusory affirmation of the counsel for respondent Department of Transportation failed to provide the factual predicate to support application of the exemption (see Matter of West Harlem Bus. Group v Empire State Dev. Corp., 13 NY3d at 885; Matter of Rose v Albany County Dist. Attorney's Off., 111 AD3d 1123, 1126 [2013]). As respondents failed to meet their burden of establishing that they had a reasonable basis for denying access to the requested records under any of the claimed exemptions, we find that Supreme Court properly granted petitioner's request for counsel fees and costs (see Public Officers Law § 89 [4] [c]; Matter of Dioso Faustino Freedom of Info. Law Request v City of New York, 191 AD3d at 506; Matter of Acme Bus Corp. v County of Suffolk, 136 AD3d 896, 898 [2016]).
Garry, P.J., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Respondent Department of Transportation also asserted a third basis for denying the request — that the records were inter- or intra-agency materials (see Public Officers Law § 87 [2] [g]).

Footnote 2: This is not surprising given that this FOIL request sought preaccident records, inherently created before the happening of the accident and any law enforcement investigation of it.