Matter of Cohen v Alois (2022 NY Slip Op 00097)





Matter of Cohen v Alois


2022 NY Slip Op 00097


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

532899
[*1]In the Matter of David Louis Cohen, Respondent,
v
Kristi Alois, as Records Access Officer for the State Gaming Commission, et al., Appellants.

Calendar Date:November 18, 2021

Before:Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for appellants.
Hinman Straub PC, Albany (Elena DeFio Kean of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the Supreme Court (Cuevas, J.), entered February 2, 2021 in Schenectady County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's Freedom of Information Law request.
In March 2020, numerous harness horse trainers were indicted on federal criminal charges related to horse racing. Richard Banca, one such trainer, was charged with participating in the administration of performance enhancing drugs to the horses he trained. Soon thereafter, respondent New York State Gaming Commission (hereinafter the Commission) issued an advisory requiring, among other things, that all horses trained or raced in the state by trainers and assistant trainers involved in the alleged equine drug-related criminal activity be placed on the "Steward's List" for a minimum of 30 days as of the date of the announcement; this list freezes horses from being raced or sold. The Commission further directed that all such horses submit to hair testing for prohibited and impermissible substances as a condition to removal from the list. The horses on the Steward's List were tested between April 2020 and July 2020, and, subsequently, the horses owned or trained by Banca were removed from the Steward's List. However, in December 2020, the Commission denied Banca's renewal application for a license to participate in horse racing in New York.
Petitioner, in turn, submitted a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request to the Commission in July 2020 specifically seeking the test results of the horses in his custody. This request was denied without a specific explanation by respondent Kristi Alois, the Commission's records access officer. Petitioner then filed a timely appeal of the denial to respondent Robert Williams, the Commission's public records access appeals officer. Williams reversed and remanded the matter to Alois to articulate the factual basis supporting her denial. Subsequently, Alois provided an updated decision, ultimately still denying the FOIL request in full and citing to Public Officers Law § 87 (2) (e) (i)-(iii) in support of that denial. Petitioner filed a second timely administrative appeal, which Williams denied based on Public Officers Law § 87 (2) (e) (i) only, acknowledging that Alois' reliance on the other two subsections was not appropriate. Petitioner then commenced this CPLR article 78 proceeding, arguing that respondents failed to establish the applicability of the cited exemption, and respondents answered. Supreme Court ultimately agreed with petitioner, holding that respondents had failed to adequately establish how, or why, disclosure of the requested records would interfere with the Commission's investigation and ordering that petitioner receive the requested documents within 14 days of entry of the judgment. The court also determined that petitioner was entitled to an award of [*2]counsel fees and costs. Respondents appeal.
Respondents first argue that Supreme Court erred in ordering disclosure because of the pendency of a law enforcement investigation. It is well established that, "'[u]nder FOIL, all government records are presumptively open for public inspection and copying unless they fall within one of the enumerated exemptions of the Public Officers Law § 87 (2)'" (Matter of McFadden v Fonda, 148 AD3d 1430, 1432 [2017], quoting Matter of Laveck v Village Bd. of Trustees of the Vil. of Lansing, 145 AD3d 1168, 1169 [2016]). "The exemptions set forth in the statute are interpreted narrowly in order to effect the purpose of the statutory scheme" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 73 [2017] [citation omitted]). As a result, "the burden rests on the agency seeking to prevent disclosure to demonstrate that the requested materials fall squarely within a FOIL exemption by articulating a particularized justification for denying access" (Matter of Applegate v Fischer, 89 AD3d 1303, 1304 [2011]; see Matter of Gomez v Fischer, 74 AD3d 1399, 1400 [2010], lv dismissed 15 NY3d 858 [2010]). Mere conclusory allegations, without factual support, that the requested materials fall within an exemption are insufficient to sustain an agency's burden of proof (see Matter of Konigsberg v Coughlin, 68 NY2d 245, 251 [1986]; Matter of Polansky v Regan, 81 AD2d 102, 103 [1981]). Whether a document qualifies for exemption under the law enforcement exemption of Public Officers Law § 87 (2) (e) (i) requires a two-prong analysis (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 75). First, the court must determine whether the records were compiled for law enforcement purposes, and second, it must determine whether disclosure of the records would interfere with law enforcement investigations or judicial proceedings (see id.).
The records sought are the results from hair, blood and urine tests for those horses "under [Banca's] custody" that were used to determine whether they contained prohibited or impermissible substances. The Commission conducted these tests, purported to be investigatory in nature — apparently as opposed to routine testing for the same substances — as a response to being informed of a federal criminal complaint pertaining to alleged equine-related drug activity. In the denial, Alois stated, without more explanation, that the results of the tests are "directly related to the nature of the criminal proceedings" pending in federal court and release of the records would, at that time, interfere with criminal discovery rules and risk having a chilling effect on the pending prosecutions. Rick Goodell, counsel for the Commission, averred, in an affirmation proffered in response to this judicial proceeding, that the Commission's investigation had not been concluded and that it was likely that said investigation would demonstrate significant violations of the rules that the Commission is [*3]tasked with enforcing. That enforcement, in Goodell's view, would be undermined if the Commission was forced to "tip its hand" to petitioner, and, thus, Banca, against whom the Commission "may take action." Goodell did not offer any further explanation.
Even assuming that the subject documents were compiled for a law enforcement purpose, as tendering conclusory characterizations is insufficient to support the denial of responsive records (see Church of Scientology of N.Y. v State of New York, 46 NY2d 906, 908 [1979]; Matter of Laveck v Village Bd. of Trustees of Village of Lansing, 145 AD3d at 1169), respondents, by merely parroting the statutory language and otherwise failing to provide any adequate sort of harm risked by disclosure, have failed to meet their burden of proving that disclosure of the records would interfere with a pending law enforcement investigation (compare Matter of Madeiros v New York State Educ. Dept., 30 NY3d at 77; Matter of Lesher v Hynes, 19 NY3d 57, 67-68 [2012]). Moreover, the existence of a prohibited substance is not, by itself, evidence of a violation or a crime given, among other things, certain temporal parameters on the administration of substances (see 9 NYCRR 4120.2). Additionally, to the extent that the documents are being withheld to demonstrate regulatory violations, such practice would appear to be contrary to the disclosure requirements of 9 NYCRR 4550.3 (b) (1) (viii). Thus, Supreme Court properly directed the disclosure of the records.
Respondents also argue that this Court should vacate the award of counsel fees and litigation costs. A court is required to award the petitioner reasonable counsel fees and other litigation costs reasonably incurred where the petitioner has substantially prevailed and the court finds that the agency had no reasonable basis for denying access (see Public Officers Law § 89 [4] [c] [ii]). "A petitioner substantially prevails under Public Officers Law § 89 (4) (c) when [he or she] receives all the information that [he or she] requested and to which [he or she] was entitled in response to the underlying FOIL litigation" (Matter of McGee v Putnam County Assistant Dist. Attorney David M. Bishop, 192 AD3d 1446, 1452 [2021] [internal quotation marks and citations omitted]; see Matter of 101CO, LLC v New York State Dept. of Envtl. Conservation, 169 AD3d 1307, 1311 [2019], lv dismissed 34 NY3d 1010 [2019]). "A pertinent consideration in determining whether an agency had a reasonable basis for denying a FOIL request is whether the agency reasonably claimed the records were exempt from disclosure under Public Officers Law § 87 (2)" (Matter of Competitive Enter. Inst. v Attorney Gen. of N.Y., 161 AD3d 1283, 1285 [2018] [internal quotation marks and citations omitted]; see Matter of New York State Defenders Assn. v New York State Police, 87 AD3d 193, 195 [2011]).
Since Supreme Court properly rejected the stated exemption and petitioner was ultimately granted disclosure of all [*4]of the documents he sought, it is evident that petitioner substantially prevailed (see Legal Aid Socy. v New York State Dept. of Corr. & Community Supervision, 105 AD3d 1120, 1121-1122 [2013]; Matter of New York Civ. Liberties Union v City of Saratoga Springs, 87 AD3d 336, 338 [2011]). Thus, the analysis turns on whether respondents lacked a reasonable basis for denying access to the documents sought. In this regard, although Supreme Court did not articulate that respondents lacked a reasonable basis for their denial, it made clear that respondents failed to meet their burden to deny disclosure under the law enforcement exemption, a pertinent consideration (see Matter of Competitive Enter. Inst. v Attorney Gen. of N.Y., 161 AD3d at 1285). In doing so, the court found that respondents had not properly established how, or why, the records would interfere with any investigation, thus implicitly considering their basis for denying disclosure. Thus, notwithstanding the court's imprecise remark that, "since [petitioner] has substantially prevailed
. . ., he is entitled to an award," inappropriately suggesting a post hoc justification, Supreme Court in fact considered both prongs and determined that respondents simply failed to meet their burden to demonstrate that they had a reasonable basis for withholding the subject documents (see Matter of Vertucci v New York State Dept. of Transp., 195 AD3d 1209, 1211 [2021]; see Matter of Dioso Faustino Freedom of Info. Law Request v City of New York, 191 AD3d 504, 505-506 [2021]). Accordingly, we decline to disturb Supreme Court's award of counsel fees and litigation costs.
Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed, without costs.