Matter of Aron Law PLLC v Sullivan County (2023 NY Slip Op 01341)

Matter of Aron Law PLLC v Sullivan County

2023 NY Slip Op 01341

Decided on March 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 16, 2023

535143
[*1]In the Matter of Aron Law PLLC, Appellant,
v
Sullivan County, Respondent.

Calendar Date:January 12, 2023

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and McShan, JJ 

Aron Law, PLLC, Brooklyn (Joseph Aron of counsel) and Cooper Erving & Savage, LLP, Albany (Carolyn B. George of counsel), for appellant.
Michael F. McGuire, County Attorney, Monticello (Thomas J. Cawley of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the Supreme Court (Kevin R. Bryant, J.), entered March 28, 2022 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Petitioner submitted a request to respondent in February 2021, pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]), requesting "[a]ll records pertaining to the Loch Sheldrake census-designated place" (hereinafter CDP), "including but not limited to boundaries[,] communications relating to defining and setting boundaries [and] all communications with the Town of Fallsburg relating to the Loch Sheldrake CDP over the past 10 years." Respondent's FOIL officer denied the request, stating that the data sought was owned by the US Census Bureau, provided to respondent through the Census Bureau's software, and that federal regulations required that the software be uninstalled and the data destroyed after the completion of the project under which it was provided. The FOIL officer also denied petitioner's request by asserting that any communications respondent had were protected pursuant to Public Officers Law § 87 (2) (g). Petitioner appealed this determination, asserting that none of the requested documents were protected as inter- or intra-agency documents. Respondent's FOIL appeals officer denied the appeal stating that there must be confusion regarding the CDP designation as Loch Sheldrake is not a municipality, but a hamlet without its own government, and that there were no documents to provide petitioner.
Petitioner thereafter initiated this CPLR article 78 proceeding seeking, among other things, to annul respondent's denial of its FOIL request and an award of counsel fees. During the pendency of the proceeding, the FOIL appeals officer attempted to settle with petitioner, maintaining that many of the records requested did not exist but providing relevant documentation as available. Petitioner refused to settle, maintaining that it was entitled to "actual boundary data and memos." In lieu of answering, respondents moved to dismiss the petition pursuant to CPLR 3211 (a) (7). Supreme Court granted the motion and dismissed the petition, finding that petitioner failed to adequately describe the records requested. Despite such failure, the court concluded that respondent properly responded to the request and, ultimately, correctly denied it as the records sought were protected under federal law and the Public Officers Law. The court also declined to award counsel fees. Petitioner appeals.
As a preliminary matter, we agree with petitioner that Supreme Court erred in finding that petitioner's request was properly denied because it lacked specificity inasmuch as that was not the basis of respondent's denial. Indeed, "[j]udicial review of an administrative determination is limited to the grounds invoked by the agency and the court is powerless to affirm the administrative action by substituting what it [*2]considers to be a more adequate or proper basis" (Matter of Union Carbide Corp. v New York State Dept. of Envtl. Conservation, 189 AD3d 1805, 1808 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 74 [2017]). Nevertheless, as discussed herein, we find that petitioner's request was properly denied on the actual grounds asserted by respondent.
"Under FOIL, all government records are presumptively open for public inspection and copying unless they fall within one of the enumerated exemptions of Public Officer Law § 87 (2)" (Matter of Prisoners' Legal Serv. of N.Y. v New York State Dept. of Corr. & Community Supervision, 209 AD3d 1208, 1211 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of McGee v Putnam County Assistant Dist. Attorney David M. Bishop, 192 AD3d 1446, 1448-1449 [3d Dept 2021]). "The agency resisting disclosure under FOIL bears the burden of showing that the responsive document falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access" (Matter of Gartner v New York State Attorney General's Off., 160 AD3d 1087, 1090 [3d Dept 2018] [internal quotation marks and citations omitted]; see Matter of Rose v Albany County Dist. Attorney's Off., 111 AD3d 1123, 1125 [3d Dept 2013]).
We turn first to the records that were submitted to the Census Bureau and created through the utilization of Census Bureau software, which respondent claims are no longer in its possession and additionally are protected from disclosure under federal law. Petitioner disagrees on both counts. In this regard, Public Officers Law § 87 (2) (a) "permit[s] an agency to deny access to records if they are specifically exempted from disclosure by state or federal statute" (Matter of Vertucci v New York State Dept. of Transp., 195 AD3d 1209, 1210 [3d Dept 2021] [internal quotation marks and citation omitted], lv denied 37 NY3d 917 [2022]; see Matter of Moody's Corp. & Subsidiaries v New York State Dept. of Taxation & Fin., 141 AD3d 997, 1000 [3d Dept 2016]). 13 USC §§ 8 and 9 — pertaining to the census — detail what data can and cannot be disclosed. "Further, an agency is not required to create records in order to comply with a FOIL request" (Matter of McGee v Putnam County Assistant Dist. Attorney David M. Bishop, 192 AD3d at 1449 [internal quotation marks, brackets and citations omitted]). "An agency that cannot find documents properly requested under FOIL must certify that it does not possess the requested documents or that such documents could not be located upon a diligent search" (Matter of Binghamton Precast & Supply Corp. v New York State Thruway Auth., 196 AD3d 944, 945 [3d Dept 2021] [citations omitted]; see Public Officers Law § 89 [3]; Matter of Jewish Press, Inc. v New York State Police, 207 AD3d 971, 972 [3d Dept 2022]).
Here, respondent's FOIL officer denied petitioner's request, stating that [*3]the CDP data requested was owned and maintained by the Census Bureau. The denial further stated that the data was provided through the Census Bureau's software and was uninstalled, and the data destroyed as required. Responding to petitioner's appeal, a supporting affidavit from Thomas J. Cawley, respondent's counsel, stated that respondent had not retained any of the census data and could therefore not produce it for petitioner. Additionally, an affidavit in support from Jennifer D. Stone, the GIS Coordinator for respondent, affirmed that the Census Bureau data was no longer available to respondent. She attested that she used the Census Bureau's data and software for the CDP project but understood that information to be confidential. She also stated that after completion of the project the software and the data from the Census Bureau were all destroyed,[FN1] as was required. Stone further attested to working with respondent's information technology department to search for any available information to fulfill petitioner's request. This affidavit satisfied the requirements of Public Officer's Law § 89 (3) (see Matter of Jewish Press, Inc. v New York State Police, 207 AD3d at 972-973; Matter of Empire Ctr. for Pub. Policy v New York State Energy & Research Dev. Auth., 188 AD3d 1556, 1558 [3d Dept 2020]).[FN2] Contrary to petitioner's argument, it has not "articulate[d] a demonstrable factual basis . . . that the requested document[s] exist[] and [are] within [respondent's] control" to warrant a hearing (Matter of Jewish Press, Inc. v New York State Police, 207 AD3d at 973 [internal quotation marks and citations omitted]). Thus, because respondent has certified that it does not possess the requested records, we need not decide whether they are exempt from production under federal law.
We turn now to petitioner's contentions relative to those documents that respondent claimed to be exempt from disclosure as they are intra/inter-agency materials. Initially, inasmuch as respondents voluntarily provided these documents, petitioner's challenge to respondent's initial denial is moot (see Matter of Vertucci v New York State Dept. of Transp., 195 AD3d at 1210). However, this does not render moot petitioner's challenge to Supreme Court's denial of its request for counsel fees and costs (see id.). "A court is required to award the petitioner reasonable counsel fees and other litigation costs reasonably incurred where the petitioner has substantially prevailed and the court finds that the agency had no reasonable basis for denying access" (Matter of Cohen v Alois, 201 AD3d 1104, 1107 [3d Dept 2022] [emphasis and citation omitted]; see Matter of Vertucci v New York State Dept. of Transp., 195 AD3d at 1210). "A petitioner substantially prevails . . . when it receives all the information that it requested and to which it was entitled in response to the underlying FOIL litigation" (Matter of Aron Law PLLC v Town of Fallsburg, 199 AD3d 1286, 1290-1291 [3d Dept 2021] [internal [*4]quotation marks and citations omitted]; see Matter of Cohen v Alois, 201 AD3d at 1107). "A pertinent consideration in determining whether an agency had a reasonable basis for denying a FOIL request is whether the agency reasonably claimed the records were exempt from disclosure under Public Officers Law § 87 (2)" (Matter of Vertucci v New York State Dept. of Transp., 195 AD3d at 1210 [internal quotation marks and citations omitted]; see Matter of Cohen v Alois, 201 AD3d at 1107).
As relevant here, "[p]ursuant to Public Officers Law § 87 (2) (g), an agency may deny access to inter-agency or intra-agency materials which are not: (i) statistical or factual tabulations or data; (ii) instructions to staff that affect the public; (iii) final agency policy or determinations; or (iv) external audits" (Matter of McGee v Putnam County Assistant Dist. Attorney David M. Bishop, 192 AD3d at 1449 [internal quotation marks, ellipsis, brackets and citation omitted]; see Matter of Shooters Comm. on Political Educ., Inc. v Cuomo, 147 AD3d 1244, 1245 [3d Dept 2017]). Supreme Court found that the records that were not protected under federal law were properly classified as inter- and/or intra-agency materials as they were undeniably communications sent or received by respondents with other government entities or between County employees. Documents provided by respondent included emails between County employees and between County employees and the Census Bureau regarding project logistics. Other documents supplied, including documents from the Census Bureau, were publicly available guides, flyers and reports retrievable through an Internet search. As such, Supreme Court properly found that the documents were exempt and do not fall into any of the enumerated categories of Public Officers Law § 87 (2) (g) that would negate the exemption (see Matter of Shooters Comm. on Political Educ., Inc. v Cuomo, 147 AD3d at 1245-1246). Thus, even if petitioner substantially prevailed inasmuch as it received the intra/inter-agency materials, because respondent had a reasonable basis for withholding the documents at the time of the initial request, Supreme Court did not abuse its discretion in denying petitioner's request for an award of counsel fees and costs (see Prisoners' Legal Servs. of N.Y. v New York State Dept. of Corr. & Community Supervision, 209 AD3d at 1214; Matter of Associated Gen. Contrs. of N.Y. State, LLC v New York State Thruway Auth., 173 AD3d 1526, 1528 [3d Dept 2019]). We have reviewed petitioner's remaining contentions and find them to be lacking in merit.
Garry, P.J., Egan Jr., Lynch and McShan, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: The record demonstrates that the software was deleted and the data destroyed prior to receipt of the FOIL request.

Footnote 2: Notably, petitioner at no time during the appeals process, nor in the CPLR article 78 petition, addressed the assertion that the census data was no longer available and was relinquished by respondent.