Matter of DeWolf v Wirenius (2024 NY Slip Op 03790)

Matter of DeWolf v Wirenius

2024 NY Slip Op 03790

Decided on July 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 11, 2024

CV-24-0019
[*1]In the Matter of Andrew P. DeWolf, Appellant,
v
John Wirenius, as FOIL Appeals Officer, et al., Respondents.

Calendar Date:June 4, 2024

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, McShan and Powers, JJ.

Andrew P. DeWolf, Lyons, appellant pro se.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for John Wirenius and another, respondents.
Daniel C. Connors, County Attorney, Lyons (Erin M. Hammond of counsel), for Kelley Loveless, respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Christina L. Ryba, J.), entered December 11, 2023 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motions to dismiss the petition/complaint.
In 2022 through 2023, petitioner and Wayne County were involved in administrative hearings held before the Public Employment Relations Board (hereinafter PERB). In July 2022, petitioner submitted a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request to the County for copies of hearing transcripts. Petitioner's initial request was denied by the County's records access officer, respondent Kelley Loveless, and this denial was administratively upheld by the County's records access appeals officer. Subsequently, petitioner received a favorable advisory opinion from the Committee on Open Government [FN1] finding the County's purported exemptions to disclosure misplaced; therefore the appeals officer reversed the earlier decision and, in October 2022, granted petitioner access to and provided copies of the transcripts. Petitioner made successive FOIL requests for additional hearing transcripts. In response, the County certified that it had no records responsive to his requests. The County's records access appeals officer administratively affirmed the determination.
In January 2023, petitioner sought the hearing transcripts via a FOIL request submitted to PERB. The FOIL officer, respondent Sarah Coleman, initially advised petitioner that he could inspect the transcripts at PERB's office, but that since the transcripts are the private work product owned by the stenographer, who has the exclusive right to reproduce and sell copies of the minutes, petitioner would not be allowed to make copies of same. Coleman further directed that petitioner contact the stenographer to make arrangements to receive copies of the transcripts or, if petitioner so directed, PERB would contact the stenographer on his behalf. In February 2023, Coleman formally denied petitioner's request for copies of the hearing transcripts — citing to PERB's regulation contained in 4 NYCRR 208.3 (c), stating that "[s]tenographic services at hearings held by [PERB] are provided pursuant to arrangements under which the stenographer has exclusive right to reproduce and sell copies of minutes at hearings. While the minutes of hearings may be inspected at the offices of [PERB], any person desiring a copy of minutes must make arrangements directly with the stenographer." Respondent John Wirenius, PERB's records access appeals officer, administratively affirmed the determination.
Petitioner commenced this combined proceeding pursuant to CPLR article 78 to challenge respondents' determinations and action for declaratory judgment declaring that 4 NYCRR 208.3 violates FOIL. In lieu of answering, respondents moved to dismiss the petition/complaint. Supreme Court granted the motions and dismissed the petition[*2]/complaint, finding that the affirmations of Loveless and the county attorney's secretary certifying that the County did not possess the requested records satisfied Public Officers Law § 89 (3), and that petitioner's contention that respondents are impermissibly withholding the requested transcripts is unsupported speculation. The court further found that petitioner's remaining contentions and claims lacked merit. Petitioner appeals.
As a preliminary matter, Supreme Court also dismissed the petition/complaint against the Attorney General. The record confirms that petitioner's request for information was directed to and denied exclusively by the County and PERB. Inasmuch as the Attorney General's office was not an agency involved in the FOIL request, and is without authority to grant relief requested by petitioner, the Attorney General is not a proper party herein (see Matter of Davis v Evans, 97 AD3d 857, 858 [3d Dept 2012]; Matter of Abreu v Hogan, 72 AD3d 1143, 1144 [3d Dept 2010], appeal dismissed 15 NY3d 836 [2010]).
As to the FOIL requests denied by the County, petitioner contends that Loveless failed to perform a diligent search for the requested records and thus improperly certified that the County was not in possession of the records. "Under FOIL, all government records are presumptively open for public inspection and copying unless they fall within one of the enumerated exemptions of Public Officer[s] Law § 87 (2)" (Matter of Aron Law PLLC v Sullivan County, 214 AD3d 1186, 1188 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Cohen v Alois, 201 AD3d 1104, 1105 [3d Dept 2022]). "[A] government entity that does not supply any record in response to a FOIL request 'shall certify that it does not have possession of such record or that such record cannot be found after diligent search' " (Matter of Thomas v Kane, 203 AD3d 1487, 1489 [3d Dept 2022], quoting Public Officers Law § 89 [3] [a]). " 'Neither a detailed description of the search nor a personal statement from the person who actually conducted the search is required' " (Matter of Jackson v Albany County Dist. Attorney's Off., 176 AD3d 1420, 1421 [3d Dept 2019], quoting Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875 [2001])."Where an agency properly certifies that it does not possess a requested record, a petitioner may be entitled to a hearing on the issue if [he or she] can articulate a demonstrable factual basis to support the contention that the requested document[s] exist[ ] and [were] within the agency's control" (Matter of Jewish Press, Inc. v New York State Police, 207 AD3d 971, 973 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see Matter of Cortex Tel. LLC v New York State Dept. of Health, 222 AD3d 1083, 1085 [3d Dept 2023]).
In support of the County's motion to dismiss the petition, the County submitted the affidavits of Loveless and the county attorney's secretary. Loveless averred that after receiving [*3]each of petitioner's FOIL requests "[she], or someone delegated by [her], contacted Wayne County's outside counsel handling the PERB proceeding and inquired as to whether she was in possession of the transcripts requested. . . . Each time, [she] or [her] representative, was informed by Wayne County's outside counsel that she had elected NOT to order the transcripts and was not in possession of them." She further averred that "[she], or [her] representative, also contacted the relevant department head (in this case, the department head for Advanced Life Support)[FN2] to ensure he did not possess the transcripts at issue. Each time inquiry was made of him, the department head stated he did not possess any of the transcripts sought by [p]etitioner." Thereafter, Loveless issued certifications that the County had no records responsive to petitioner's requests for transcripts. Additionally, the county attorney's secretary — who assists Loveless in processing and responding to FOIL requests — avowed that, after receiving each of petitioner's requests, she directly contacted the County's outside counsel and inquired as to whether she was in possession of the additional transcripts requested, and was informed by outside counsel that she had elected not to order the transcripts and was not in possession of them. The secretary further avowed that she had also contacted the relevant department head to ensure he did not possess the transcripts at issue, and was informed by him that he did not possess any of the transcripts sought by petitioner and that she then advised Loveless of this information. These affidavits satisfied the County's obligation under Public Officers Law § 89 (3) (see Matter of Aron Law PLLC v Sullivan County, 214 AD3d at 1189; Matter of Jackson v Albany County Dist. Attorney's Off., 176 AD3d at 1421).
Notwithstanding the County's representations that outside counsel elected not to order the transcripts, petitioner submitted copies of invoices showing that counsel had ordered and been billed for transcripts of the requested hearings. Additionally, at oral argument, counsel relayed that she spoke to outside counsel, who stated that she ordered the transcripts but did not obtain them because she did not want to turn the transcripts over to petitioner. As such, we remit the matter to Supreme Court for a hearing on the issue of whether Loveless properly certified that the requested documents are not within the County's control, as a "[r]ecord means any information kept, held, filed, produced or reproduced by, with or for an agency" (Public Officers Law§ 86 [4] [internal quotation marks omitted]; see Matter of Gould v New York City Police Dept., 89 NY2d 267, 278-279 [1996]; Matter of Binghamton Precast & Supply Corp. v New York State Thruway Auth., 196 AD3d 944, 946 [3d Dept 2021]).
As to PERB's denial of petitioner's requests for hearing transcripts, petitioner contends that 4 NYCRR 208.3 violates the mandates of FOIL. "FOIL requires that an agency[*4], in accordance with its published rules, make available for public inspection and copying all records, except those records or portions thereof that are statutorily exempt from disclosure" (Matter of Spence v New York State Dept. of Civ. Serv., 223 AD3d 1019, 1020 [3d Dept 2024] [internal quotation marks and citations omitted]). Likewise, the State Administrative Procedure Act requires that "[u]pon request made by any party upon the agency within a reasonable time, but prior to the time for commencement of judicial review, of its giving notice of its decision, determination, opinion or order, the agency shall prepare the record together with any transcript of proceedings within a reasonable time and shall furnish a copy of the record and transcript or any part thereof to any party as he [or she] may request" (State Administrative Procedure Act § 302 [2] [emphasis added]). In response to petitioner's FOIL request, PERB stated that petitioner had to obtain the records from the stenographer in accordance with 4 NYCRR 208.3 (c).
"It is established as a general proposition that a regulation cannot be inconsistent with a statutory scheme" (Matter of Zuckerman v New York State Bd. of Parole, 53 AD2d 405, 407 [3d Dept 1976] [citation omitted]; see Matter of Jones v Berman, 37 NY2d 42, 53 [1975]; Sciara v Surgical Assoc. of W. N.Y., P.C., 104 AD3d 1256, 1257 [4th Dept 2013], appeal dismissed 22 NY3d 951 [2013]). Here, 4 NYCRR 208.3 (c) is inconsistent with State Administrative Procedure Act § 302 (2), which imposes a duty on the agency to furnish a copy of the transcript to a party upon request.[FN3] Moreover, it is inconsistent with the statutory scheme of FOIL, which "imposes a broad standard of open disclosure in order to achieve maximum public access to government documents" (Matter of Schenectady County Socy. for the Prevention of Cruelty to Animals, Inc. v Mills, 74 AD3d 1417, 1418 [3d Dept 2010] [internal quotation marks, brackets and citation omitted], affd 18 NY3d 42 [2011]; see Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Corr. & Community Supervision, 173 AD3d 8, 10 [3d Dept 2019]).Courts must construe FOIL liberally, to "require[ ] government agencies to make available for public inspection and copying all records" (Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 73 [2017] [internal quotation marks and citations omitted]; see Matter of Broach & Stulberg, LLP v New York State Dept. of Labor, 195 AD3d 1133, 1134 [3d Dept 2021], lv denied 37 NY3d 914 [2021]). Accordingly, Supreme Court improperly granted PERB's motion to dismiss and we remit the matter to Supreme Court for PERB to file an answer pursuant to CPLR 7804 (f). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit or rendered academic.
Egan Jr., J.P., Clark, McShan and Powers, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much [*5]thereof as dismissed the petition against respondents Kelley Loveless, John Wirenius and Sarah Coleman; matter remitted to the Supreme Court to permit PERB to serve an answer within 20 days of the date of this Court's decision and for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: The Committee on Open Government oversees and advises the government, public and news media on FOIL and other open meetings laws. The committee offers guidance in response to inquiries and prepares written legal advisory opinions to the government and other interested groups (see Public Officers Law § 89 [1] [b]).

Footnote 2: Petitioner was employed in the advanced life support department and it is the county department involved in the administrative hearings.

Footnote 3: Petitioner is required to pay a statutory fee for said copy.