Matter of Puig v New York State Police (2024 NY Slip Op 06088)

Matter of Puig v New York State Police

2024 NY Slip Op 06088

Decided on December 5, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 5, 2024

CV-23-1058
[*1]In the Matter of Kenneth Puig, Appellant,
v
New York State Police et al., Respondents.

Calendar Date:October 18, 2024

Before:Egan Jr., J.P., Clark, Ceresia, Powers and Mackey, JJ.

The Law Offices of Cory H. Morris, Central Islip (Cory H. Morris of counsel), for appellant.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondents.

Powers, J.
Appeal from a judgment of the Supreme Court (Catherine E. Leahy-Scott, J.), entered May 15, 2023 in Albany County, which, in a proceeding pursuant to CPLR article 78, among other things, denied petitioner's request for counsel fees.
The underlying facts of this proceeding are familiar to this Court, having been the subject of a prior appeal (212 AD3d 1025 [3d Dept 2023]). Briefly, following the repeal of Civil Rights Law § 50-a, petitioner filed a Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) request with respondent New York State Police (hereinafter respondent) for "all disciplinary records of any" state trooper that has been disciplined. Respondent's acting records access officer determined that this request was not reasonably described. Thereafter, petitioner filed an administrative appeal in which he narrowed his request to all active troopers assigned to Orange, Dutchess and Ulster Counties. The matter was remanded based upon this narrowed request, and, after petitioner did not receive the sought-after records or a decision from respondent, petitioner once again administratively appealed. Upon such appeal, the request was once again found to have not been reasonably described. Petitioner then brought the underlying proceeding pursuant to CPLR article 78, which was initially dismissed by Supreme Court. However, on appeal to this Court, we found that the modified request contained a reasonable description of the records sought and remitted the matter for a finding as to whether it would be unduly burdensome for respondent to comply with the modified request and whether petitioner is entitled to counsel fees (id. at 1027). Supreme Court subsequently found the request to not be unduly burdensome and ordered the release of responsive documents on a rolling basis. Nevertheless, the court denied counsel fees on the ground that there was a reasonable basis to deny the request. Petitioner appeals, specifically challenging the denial of counsel fees.
In a proceeding pursuant to FOIL, a court "shall assess, against such agency involved, reasonable attorney's fees and other litigation costs reasonably incurred by such person in any case under the provisions of this section in which such person has substantially prevailed and the court finds that the agency had no reasonable basis for denying access" (Public Officers Law § 89 [4] [c] [ii]). Here, as respondents do not contest that petitioner has substantially prevailed, the sole issue before this Court is whether respondents had a reasonable basis for denial. Notably, "[a]n agency may be found to have had a reasonable basis for initially denying access, even in cases where documents are ultimately required to be disclosed" (Matter of Puig v City of Middletown, 230 AD3d 794, 795-796 [2d Dept 2024] [internal quotation marks and citation omitted]).
Principally, petitioner alleges that Supreme Court gave improper weight to what the court referred to as a novel issue caused by the [*2]repeal of Civil Rights Law § 50-a. As petitioner notes, the court did indicate that proceedings concerning the repeal of Civil Rights Law § 50-a "involve a novel interpretation of legislation" and, therefore, "it cannot be said that the respondents had no reasonable basis for denying access to the records at issue" (internal quotation marks, brackets and citations omitted). However, the court did not give this change in law improper weight on the issue of counsel fees. Rather, the court's consideration of this fact reflects that respondent has altered its record-keeping system because of this change in the law and, therefore, responsive records have since become discoverable. Specifically, the record demonstrates that at the time of the modified request there was no way to search respondent's record-keeping system by the county in which the trooper was assigned, however, the system has since been modified and respondent is now able to do so.
Although Supreme Court failed to extrapolate upon this, "respondent[ ] demonstrated a reasonable basis for denying petitioner's request by showing that any responsive records [were] not indexed in a manner that would enable the identification and location of documents in the agency's possession" at the time of the modified request (Matter of Oustatcher v Clark, 217 AD3d 478, 479 [1st Dept 2023] [internal quotation marks and citation omitted], lv denied 40 NY3d 908 [2023]). The subsequent change to the way respondent indexes records is inapposite, as respondent had a reasonable basis for its denial of petitioner's request at the time it was made (see Public Officers Law § 89 [4] [c]; Matter of Aron Law PLLC v Sullivan County, 214 AD3d 1186, 1190 [3d Dept 2023]; Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Corr. & Community Supervision, 209 AD3d 1208, 1214 [3d Dept 2022], affd 42 NY3d 936 [2024]; compare Matter of New York Civ. Liberties Union v Village of Freeport, 229 AD3d 629, 632 [2d Dept 2024]; see generally Matter of New York Civ. Liberties Union v New York City Dept. of Corr., 213 AD3d 530, 531 [1st Dept 2023], lv denied 40 NY3d 909 [2024]). As such, counsel fees and associated costs were properly denied.
Egan Jr., J.P., Clark, Ceresia and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.