Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Corr. & Community Supervision (2022 NY Slip Op 07277)

Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Corr. & Community Supervision

2022 NY Slip Op 07277

Decided on December 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 22, 2022

534113
[*1]In the Matter of Prisoners' Legal Services of New York, Appellant,
v
New York State Department of Corrections and Community Supervision, Respondent.

Calendar Date:November 16, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and McShan, JJ.

Debevoise & Plimpton LLP, Washington, DC (Katherine R. Seifert of counsel), for appellant.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Richard M. Platkin, J.), entered August 25, 2021 in Albany County, which partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's Freedom of Information Law request and for counsel fees.
Petitioner is a nonprofit legal services organization representing indigent individuals incarcerated in New York. Petitioner represents an incarcerated individual who was injured during a pat frisk and restraint by correction officers. As a result of the incident, the incarcerated individual was charged with several disciplinary infractions and participated in a hearing, wherein repondent played video footage depicting the incident. The video was recovered from a correction officer's body camera. Thereafter, petitioner submitted a Freedom of Information Law (see Public Officers Law art 6 [herinafter FOIL]) request to respondent seeking, as relevant here, a copy of the video footage viewed at the hearing. Respondent's FOIL records access officer denied the request for the video footage on the grounds that it was exempt from release pursuant to Civil Rights Law § 50-a and Public Officers Law § 87 (2) (a), (e) and (f), stating, "if disclosed, [the video footage] would interfere with law enforcement investigations and could endanger the life or safety of any person." Petitioner's subsequent administrative appeal was denied by respondent, citing Public Officers Law § 87 (2) (e) (i) and (ii) — known as the law enforcement exemption — and § 87 (2) (f) — known as the safety exemption.
Petitioner thereafter commenced this CPLR article 78 proceeding seeking, as relevant here, to annul the determination, compel respondent's compliance with the FOIL request and obtain counsel fees and costs. Supreme Court partially granted the petition by ordering the release of the video footage. However, Supreme Court denied petitioner's request for counsel fees and costs, finding that respondent had a reasonable basis for denying access given the novelty of the video recording issues and the important interests at stake. This appeal ensued, limited solely to the denial of counsel fees and costs.
"A court is required to award the petitioner reasonable counsel fees and other litigation costs reasonably incurred where the petitioner has substantially prevailed and the court finds that the agency had no reasonable basis for denying access" (Matter of Cohen v Alois, 201 AD3d 1104, 1107 [3d Dept 2022] [emphasis omitted]; see Public Officers Law § 89 [4] [c] [ii]). "A pertinent consideration in determining whether an agency had a reasonable basis for denying a FOIL request is whether the agency reasonably claimed the records were exempt from disclosure under Public Officers Law § 87 (2), although the denial may still have been reasonable even if the records are ultimately deemed not to be exempt" (Matter of Vertucci v New York State Dept. of Transp., 195 [*2]AD3d 1209, 1210 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 917 [2022]).
Petitioner contends that Supreme Court's denial of counsel fees and costs was improper. We agree. Initially, respondent concedes that petitioner substantially prevailed. However, respondent contends that as it had a reasonable basis to withhold the video footage under the law enforcement and safety exemptions, Supreme Court's denial of fees and costs is appropriate. Under FOIL's law enforcement exemption (see Public Offiers Law § 87 [2] [e] [i], [ii]), respondent is required "to articulate a factual basis identifying the generic kinds of documents for which the exemption is claimed, and the generic risks posed by disclosure of these categories of documents" (Matter of Vertucci v New York State Dept. of Transp., 195 AD3d at 1211 [internal quotation marks, brackets and citation omitted]; see Matter of Dioso Faustino Freedom of Info. Law Request v City of New York, 191 AD3d 504, 505 [1st Dept 2021]).
In denying petitioner's initial FOIL request and the subsequent administrative appeal, respondent merely quoted the language from the Public Officers Law. It gave no factual explanation or justification for its blanket denial to release the video footage. Although respondent provided an affirmation by its general counsel in this CPLR article 78 proceeding, the affirmation once again merely quoted the statutory language and failed to explain or demonstrate how the footage was compiled for any law enforcement purposes. In a conclusory and speculative fashion, the affirmation referenced some investigations and adjudications, but failed to provide any factual details or explanation of same. Moreover, the affirmation failed to detail how the release of the video footage would affect or interfere with said investigations and adjudications. "[R]espondent[], by merely parroting the statutory language and otherwise failing to provide any adequate sort of harm risked by disclosure, ha[s] failed to meet [its] burden of proving that disclosure of the records would interfere with a pending law enforcement investigation" (Matter of Cohen v Alois, 201 AD3d at 1106).
The affirmation was equally deficient with regard to the safety exemption (see Public Officers Law § 87 [2] [f]), in that it was neither particularized nor specific and failed to articulate an explanation as to how the release of the video footage could potentially endanger or impair the lives of correction officers or their families. This is especially true in light of the fact that the names of the correction officers involved in the restraint and pat frisk had previously been revealed at the disciplinary hearing (see Matter of Vertucci v New York State Dept. of Transp., 195 AD3d at 1211; Matter of Dioso Faustino Freedom of Info. Law Request v City of New York, 191 AD3d at 505-506). Accordingly, as respondent failed to meet its burden of establishing that it had a reasonable basis for denying [*3]access to the video footage under any of the claimed exemptions, we find that Supreme Court improperly denied petitioner's request for counsel fees and costs and, thus, remit the matter to Supreme Court to make an appropriate award (see Matter of New York State Defenders Assn. v New York State Police, 87 AD3d 193, 197 [3d Dept 2011]).
Egan Jr., J.P., Lynch, Aarons and McShan, JJ., concur.
ORDERED that the judgment is modified, on the law, with costs to petitioner, by reversing so much therof as denied petitioner's request for counsel fees and costs; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.