Matter of Munson v New York State Div. of Criminal Justice Servs. (2024 NY Slip Op 03221)

Matter of Munson v New York State Div. of Criminal Justice Servs.

2024 NY Slip Op 03221

Decided on June 13, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 13, 2024

CV-23-1690
[*1]In the Matter of Emilie Munson et al., Respondents,
v
New York State Division of Criminal Justice Services, Appellant.

Calendar Date:April 23, 2024

Before:Pritzker, J.P., Reynolds Fitzgerald, Ceresia, McShan and Mackey, JJ.

Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for appellant.
The Hearst Corporation, New York City (Nina N. Shah of counsel), for Emilie Munson and another, respondents.

Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Meagan K. Galligan, J.), entered July 31, 2023 in Albany County, which partially granted petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for a declaratory judgment, to annul a determination of respondent denying petitioners' Freedom of Information Law request.
Petitioner Emilie Munson is a journalist employed by the Times Union newspaper and petitioner The Hearst Corporation is the publisher of said newspaper. In August 2022, Munson filed a request pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]), seeking, among other things, records for all certified and decertified law enforcement officers — including the names, ages, city or zip code of residence, employer, certification status and disciplinary history — from a central registry operated by respondent. Respondent's records access officer granted Munson's request for decertified officers' information by directing her to its website and denied her request for certified officers' information on the grounds that disclosing the information "could endanger the life or safety of any person" (Public Officers Law § 87 [2] [f]). That determination was upheld on administrative appeal on the same grounds, with the appeals officer further asserting that the list contains the names of current and former police and peace officers — some who operate in an undercover or sensitive capacity — who are unknown to respondent as the agencies do not designate who are serving in said capacity.
Petitioners thereafter commenced this combined CPLR article 78 proceeding and action for declaratory judgment, seeking, among other things, to compel respondent to provide the requested records. Respondent opposed the petition, once again defending the FOIL denial as justified to protect the life or safety of officers who may be acting in an undercover or sensitive capacity, as there is no feasible way for respondent to identify these individuals. Supreme Court ordered the release of the documents, after redacting data revealing the city or zip code of residence of the officers and other specific identifying information. Respondent appeals.
"Under FOIL, all government records are presumptively open for public inspection and copying unless they fall within one of the enumerated exemptions of Public Officers Law § 87 (2)" (Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Corr. & Community Supervision, 209 AD3d 1208, 1211 [3d Dept 2022] [internal quotation marks and citations omitted], lv granted 39 NY3d 910 [2023]; see Matter of Tatko v Village of Granville, 207 AD3d 975, 977 [3d Dept 2022]). "The exemptions set forth in the statute are interpreted narrowly in order to effect the purpose of the statutory scheme" (Matter of Suhr v New York State Dept. of Civ. Serv., 193 AD3d 129, 131 [3d Dept 2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 907 [2021]; see Matter [*2]of New York State Corr. Officers & Police Benevolent Assn., Inc. v New York State Dept. of Corr. & Community Supervision, 224 AD3d 974, 975 [3d Dept 2024]). "As a result, the burden rests on the agency seeking to prevent disclosure to demonstrate that the requested materials fall squarely within a FOIL exemption" (Matter of Cohen v Alois, 201 AD3d 1104, 1105 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of McFadden v Fonda, 148 AD3d 1430, 1432 [3d Dept 2017]). "The public agency must articulate particularized and specific justification for not disclosing requested documents; conclusory assertions, unsupported by facts, will not suffice" (Matter of Laveck v Village Bd. of Trustees of the Vil. of Lansing, 145 AD3d 1168, 1169 [3d Dept 2016] [internal quotation marks, brackets and citations omitted]; see Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Corr. & Community Supervision, 173 AD3d 8, 10 [3d Dept 2019]). "As relevant here, Public Officers Law § 87 (2) (f) exempts from disclosure materials that, if disclosed, could endanger the life or safety of any person, and respondent, the agency in question, need only demonstrate a possibility of endangerment in order to invoke this exemption" (Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Corr. & Community Supervision, 209 AD3d at 1211-1212 [internal quotation marks, emphasis and citations omitted]).
Respondent asserts that it demonstrated that disclosure of the information identifying all police officers could endanger the life or safety of undercover officers. Although respondent was only required to demonstrate a possibility of endangerment, its submission, consisting of an affidavit by the director of the office of public safety, did not satisfy its burden. The affidavit stated that petitioner is requesting the full registry list of police officers consisting of 68,000 officers, some of whom are operating in an undercover or sensitive capacity; that there is no feasible way for respondent to identify what officers are working in such capacity and "knowledge that these individuals are in fact police officers could endanger the life of the police officer and their family." While the director did not articulate an explanation as to how one can learn from this information which officer is serving in an undercover or sensitive capacity, respondent argued that doing so would, in essence, afford a "how to road map" to those actors with nefarious intent. Standing alone, respondent's conclusory and speculative affidavit, averring as it does that the safety exemption justifies denial of access to the requested records, is insufficient to deny access to the records sought (see Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Corr. & Community Supervision, 211 AD3d 1382, 1384 [3d Dept 2022]; Matter of Laveck v Village Bd. of Trustees of the Vil. of Lansing, 145 AD3d at 1171; Matter of Carnevale v City of Albany, 68 AD3d 1290[*3], 1292 [3d Dept 2009]).
Respondent next contends that if this Court holds that it did not meet its burden, we should remand to Supreme Court to allow it to supplement its answer. While we do not agree that respondent must be accorded yet another full bite of the apple, after a review of the record, and in light of respondent's reasonable hesitation to articulate in open court how the information might be utilized to endanger active undercover officers, we agree that both parties should have the opportunity for further in camera submissions and review by Supreme Court, for determination as to whether further redaction of all identifying information is necessary.
Pritzker, J.P., Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as ordered respondent to release documents; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.