Matter of Standardbred Owners Assn., Inc. v New York State Gaming Commission (2025 NY Slip Op 02123)

Matter of Standardbred Owners Assn., Inc. v New York State Gaming Commission

2025 NY Slip Op 02123

Decided on April 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 10, 2025

CV-24-0994
[*1]In the Matter of Standardbred Owners Association, Inc., Appellant,
v
New York State Gaming Commission, Respondent.

Calendar Date:February 20, 2025

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and McShan, JJ.

Meyer, Suozzi, English & Klein, PC, Garden City (Andrew J. Turro of counsel), for appellant.
Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondent.

McShan, J.
Appeal from a judgment of the Supreme Court (Thomas Buchanan, J.), entered May 28, 2024 in Schenectady County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for, among other things, counsel fees.
In February 2023, petitioner filed a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request for various documents held by respondent, including, as relevant here, "a copy of any contract, arrangement or agreement" between two third-party entities, MGM Resorts and Montreign Operating Company, LLC, owner and operator of Resorts World Catskill. In March 2023, respondent replied that the requested records were under review for applicable statutory exemptions from disclosure, such as " 'trade secrets or information the disclosure of which would cause substantial injury to the competitive position of a commercial enterprise' " (quoting Public Officers Law § 87 [2] [d]). While respondent was undergoing its review, MGM and Montreign each requested, in response to respondent's inquiry, that certain information be redacted under the statutory exemption. In July 2023, respondent's Records Access Officer provided petitioner with a redacted version of a Mitigation Agreement between MGM and Montreign after determining that the redacted information consisted of "trade secrets which, if disclosed, would cause substantial injury to the competitive position of the subject enterprise." Petitioner appealed respondent's decision to redact certain information of the Mitigation Agreement believing that respondent's reasoning was "bald, conclusory, and without explanation," and respondent's FOIL Appeal Officer (hereinafter FAO) denied the appeal.
Petitioner thereafter commenced this CPLR article 78 proceeding seeking to compel respondent to produce the unredacted Mitigation Agreement, as well as to recover counsel fees and costs. After the proceeding was commenced, respondent provided petitioner with a copy of the unredacted Mitigation Agreement and asserted that the request to compel disclosure was rendered moot, thus leaving petitioner's potential entitlement to counsel fees and costs as the only outstanding issue. After joinder of issue and oral arguments on the issue of counsel fees, Supreme Court determined that respondent had a reasonable basis to redact the information in the Mitigation Agreement because the information was not known to others, had value and would have been difficult to obtain. Supreme Court then dismissed as moot that portion of the petition that sought the unredacted Mitigation Agreement and denied petitioner's claim for counsel fees and costs. Petitioner appeals.
Pursuant to FOIL, a court must assess, against an agency, reasonable counsel fees and litigation costs incurred by a person who has been denied access to records, when "such person has substantially prevailed[,] and the court finds that the agency had no reasonable basis for denying access" (Public Officers Law § 89 [4][*2][c] [ii]). The parties here do not dispute that petitioner has substantially prevailed; rather, petitioner contends that Supreme Court erred in its determination that respondent had asserted a reasonable basis for the redactions at issue (see Matter of Puig v New York State Police, 233 AD3d 1121, 1122 [3d Dept 2024]). We agree.
"A pertinent consideration in determining whether an agency had a reasonable basis for denying a FOIL request is whether the agency reasonably claimed the records were exempt from disclosure under Public Officers Law § 87 (2)" (Matter of New York State Defenders Assn. v New York State Police, 87 AD3d 193, 195 [3d Dept 2011]; accord Matter of Competitive Enter. Inst. v Attorney Gen. of N.Y., 161 AD3d 1283, 1285 [3d Dept 2018]). As relevant here, respondent's redactions were predicated on the assertion that the shielded information constituted a trade secret or information that would cause substantial injury to the competitive position of a commercial enterprise (see Public Officers Law § 87 [2] [d]; Matter of Verizon N.Y., Inc. v New York State Pub. Serv. Commn., 137 AD3d 66, 69 [3d Dept 2016]). Pivotal in this case is that respondent's justifications for the redactions were not adequately explained prior to the commencement of this proceeding (see Matter of Rose v Albany County Dist. Attorney's Off., 111 AD3d 1123, 1126 [3d Dept 2013]), nor were they evident on their face, as the agreement itself does not indicate that it was confidential in nature or contained sensitive business information (compare Matter of Getting the Word Out, Inc. v New York State Olympic Regional Dev. Auth., 214 AD3d 1158, 1159 [3d Dept 2023]). Respondent's initial denial offered nothing more than a bare conclusion that the redacted information was subject to the exemption, and the FAO's determination offered little more, essentially asserting that the redacted information was not publicly available, included "financial details" and constituted "business details that may disadvantage [MGM and Montreign's] abilities to fairly compete in the current and future markets." We find that those statements are conclusory and unspecific (see Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Corr. & Community Supervision, 211 AD3d 1382, 1384 [3d Dept 2022]; Matter of Vertucci v New York State Dept. of Transp., 195 AD3d 1209, 1211-1212 [3d Dept 2021], lv denied 37 NY3d 917 [2022]; Matter of Bahnken v New York City Fire Dept., 17 AD3d 228, 230 [1st Dept 2005]), and the record is otherwise devoid of any evidence that would illuminate whether such evidence fell within the definition of a trade secret (see Colgate Inn, LLC v Eberhardt, LLC, 206 AD3d 1197, 1203 [3d Dept 2022]) or demonstrate "actual competition and the likelihood of substantial competitive injury" stemming from the redacted information (Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale, 87 NY2d 410, 421 [1995] [internal quotation marks, [*3]brackets and citation omitted]).[FN1]
It is readily apparent that respondent has been placed in a difficult position by MGM and Montreign, as those entities requested that respondent include the initial redactions to the Mitigation Agreement in response to petitioner's FOIL request, only to then abandon respondent when it came time to defend the need for such redactions. Indeed, as noted by respondent at oral argument, it does appear that this case is a prime example that "no good deed goes unpunished." However, respondent's gripe lies with those entities and their failure to participate in the proceeding and articulate support for respondent's position. To that end, although MGM and Montreign sent correspondence to respondent requesting the redactions, those letters are not included in the record. In any event, respondent had an independent obligation to assess the merits of the trade secrets exemption, which it acknowledges having done, and could not rely solely on the initial request for redactions by those entities (see Public Officers Law § 89 [5] [b]). All told, as the record contains no basis supporting respondent's reasoning for the redactions, we cannot conclude that its actions were reasonable and therefore remit the matter for Supreme Court to make an appropriate award.
Garry, P.J., Lynch, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as denied petitioner's request for counsel fees and costs; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: Although respondent asserts that it had relied on, or was at least aware of, a prior determination that the year-end financial statements of a video gaming facility fell within the trade secret exception set forth in Public Officers Law § 87 (2) (d) (see e.g. Matter of Saratoga Harness Racing, Inc. v Task Force on the Future of Off-Track Betting in New York State, 2010 NY Slip Op 30481[U] [Sup Ct, Albany County 2010]), we note that the FAO's letter denying petitioner's appeal made no reference to that decision in setting forth the grounds for denial. In any event, we find no justification for the premise that respondent acted reasonably based upon a broad conclusion that "financial information" from a video lottery facility would constitute a trade secret or would cause competitive injury. To that end, respondent could not simply rely on the premise that there was a body of law that protected information under the trade secret exemption; rather, it was required to assess the information at issue and "present specific, persuasive evidence that disclosure will cause [those entities] to suffer a competitive injury; it cannot merely rest on a speculative conclusion that disclosure might potentially cause harm" (Matter of Markowitz v Serio, 11 NY3d 43, 51 [2008]).