Matter of Nunez v New York State Dept. of Motor Vehs.

2026 NY Slip Op 02703

April 30, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Nicholas Nunez, Appellant,

v

New York State Department of Motor Vehicles, Respondent.

Decided and Entered:April 30, 2026

CV-25-0605

Calendar Date: March 25, 2026

Before: Garry, P.J., Reynolds Fitzgerald, Powers, Mackey And Ryba, JJ.

The Law Offices of Zev Goldstein, PLLC, New City (Zev Goldstein of counsel), for appellant.

Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.

[*1]

Powers, J.

Appeal from a judgment of the Supreme Court (Kevin Bryant, J.), entered February 14, 2025 in Albany County, which partially dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review, among other things, a determination of respondent denying petitioner's Freedom of Information Law request.

Following his 2023 arrest for driving while intoxicated, petitioner's driver's license was suspended for refusal to submit to a chemical breath test. In September 2023, notice was sent that a hearing pursuant to Vehicle and Traffic Law § 1194 (2) (c) would be conducted to determine whether revocation of petitioner's driver's license was required. The October 2023 hearing was adjourned, despite petitioner's failure to appear, because notice was not provided to the law enforcement officers who were required to be present. A second notice of hearing was remitted to petitioner in December 2023 indicating that another hearing would be held in January 2024. Petitioner again failed to appear, resulting in a default finding against him and revocation of his driver's license. In April 2024, petitioner submitted a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request to respondent seeking all records related to the case resulting in revocation of his driver's license. This request specifically sought, among other things, "all hearing notices" as well as "all records that the hearing notices were sent and not returned" and defined "records" to include "any information kept, held, filed, produced or reproduced . . . including, but not limited to, . . . meta[ ]data." Respondent replied by providing certain materials and explained petitioner's right to administrative appeal if he determined these records were not responsive. Petitioner did appeal arguing, among other things, that respondent did not provide the requested metadata and, in line with this, failed to certify that the records disclosed were exhaustive of respondent's records. Respondent denied the administrative appeal, causing petitioner to commence this combined CPLR article 78 proceeding and action for declaratory judgment seeking to vacate the default determination against him, compel respondent's compliance with the FOIL request and award him counsel fees. Supreme Court partially granted the petition finding, among other things, that petitioner met his burden of demonstrating entitlement to vacatur of the default and, therefore, remanded to respondent for a new hearing. The court went on to find that the arguments addressed to petitioner's FOIL request had been rendered academic because he had made the request "to secure information to support" his vacatur motion. Petitioner appeals.

Respondent has advised this Court that it provided the requested records during the pendency of this appeal, a fact petitioner does not contest. As such, petitioner's challenge to the initial denial of his FOIL request has [*2]been rendered moot. Still, the provision of responsive records does not render moot petitioner's challenge to the denial of his request for counsel fees (see Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Corr. & Community Supervision, 209 AD3d 1208, 1213 [3d Dept 2022], affd 42 NY3d 936 [2024]; Matter of Vertucci v New York State Dept. of Transp., 195 AD3d 1209, 1210 [3d Dept 2021], lv denied 37 NY3d 917 [2022]). In the context of a FOIL proceeding, an award of "reasonable [counsel] fees and other litigation costs" is mandated when a petitioner "has substantially prevailed and the court finds that the agency had no reasonable basis for denying access" to the requested records (Public Officers Law § 89 [4] [c] [ii]).

Although respondent provided certain records in response to petitioner's initial request, petitioner took issue with the failure to provide requested metadata and to certify that a diligent search was conducted before respondent concluded that it did not possess or maintain other requested records (see Public Officers Law § 89 [3] [a]; see Matter of Rattley v New York City Police Dept., 96 NY2d 873, 875 [2001]; compare Matter of Pak v NYS Dept. of Motor Vehs., 226 AD3d 1193, 1194 [3d Dept 2024], lv denied 42 NY3d 907 [2024]; see generally Matter of Stone v Montgomery County Bd. of Elections, 234 AD3d 1075, 1076-1077 [3d Dept 2025]). It is uncontested that respondent has since affirmed that a diligent search has been conducted and has provided petitioner with the metadata it maintains. As a result, petitioner "receive[d] all the information that [he] requested and to which [he] was entitled" and has, therefore, substantially prevailed (Matter of Gannett Satellite Info. Network, LLC v New York State Thruway Auth., 181 AD3d 1072, 1074 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Morris v New York State Police, 233 AD3d 1415, 1418 [3d Dept 2024], lv denied 44 NY3d 902 [2025]; Matter of Aron Law PLLC v Town of Fallsburg, 199 AD3d 1286, 1291 [3d Dept 2021]). However, respondent has not set forth the basis for the denial of petitioner's request for metadata and, therefore, we are unable to determine whether such basis was reasonable (see generally Public Officers Law § 89 [4] [c] [ii]; Matter of Beechwood Restorative Care Ctr. v Signor, 5 NY3d 435, 441 [2005]; Matter of New York State Defenders Assn. v New York State Police, 87 AD3d 193, 195, 197 [3d Dept 2011]).FN1 We remit to Supreme Court for such an inquiry and, if respondent fails to establish that there was a reasonable basis for denial, determination of the amount of an appropriate award (see Matter of Standardbred Owners Assn., Inc. v New York State Gaming Commn., 237 AD3d 1354, 1357-1358 [3d Dept 2025]; see also Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Corr. & Community Supervision, 211 AD3d 1382, 1384 [3d Dept 2022]).

Petitioner's additional request that we direct Supreme Court to impose sanctions is [*3]without merit (see Matter of Roth & Roth, LLP v Long Is. R.R., 237 AD3d 506, 508 [1st Dept 2025]; 22 NYCRR 130-1.1 [c]).

Garry, P.J., Reynolds Fitzgerald, Mackey and Ryba, JJ., concur.

ORDERED that the judgment is modified, on the law, with costs to petitioner, by reversing so much thereof as denied petitioner's request for counsel fees and costs; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1

Respondent's submissions in the context of the underlying proceeding concentrated on vacatur of petitioner's default. Although respondent claimed that it responded promptly and properly to petitioner's FOIL request, it did not provide a basis for the original denial to Supreme Court or, relatedly, explain to this Court why the requested metadata was not provided until this appeal was pending.