■ In the Matter of WILLIAM J. DELUCA et al., Respondents, v NEW YORK CITY POLICE DEPARTMENT et al., Appellants. [689 NYS2d 487] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), entered June 11, 1998, which directed respondent New York City Police Department (NYPD) to provide petitioners, within 20 days after Police Officer William H. DeLuca either submits to an interview by the New York City Police Department or the respondent receives medical records sufficient to establish that DeLuca cannot be interviewed, the documents and information which NYPD had refused to disclose in response to petitioners' request pursuant to Public Officers Law § 84 *et seq.* (Freedom of Information Law [FOIL]), unanimously reversed, on the law and facts, without costs and disbursements, and the petition dismissed, without prejudice to renew after respondent NYPD either has interviewed Officer DeLuca or has received sufficient admissible evidence to establish the officer's incapacity to submit to such interview.

Officer DeLuca, while off duty, was shot in the head at close range in a bar in Brooklyn. Before the shooting, DeLuca had been drinking and gambling with other off-duty police officers. DeLuca survived the shooting, but allegedly suffered substantial brain injuries. Petitioners, who are his parents and the law firm representing them, made a FOIL request to respondents for copies of all documents relating to the incident. Respondents provided a number of documents to petitioners but withheld other documents and redacted material from yet other documents. The Supreme Court directed respondents to provide those documents and information which respondents had refused to disclose in response to the FOIL request. The

court directed that the documents be furnished within 20 days after the officer submitted to an interview by the NYPD or the respondents received medical records sufficient to establish that Officer DeLuca cannot be interviewed.

Disclosure of the withheld information might interfere with the respondents' open investigation of the incident given the possibility that Officer DeLuca will be interrogated at some point in the future. The information is exempt from disclosure under Public Officers Law § 87 (2) (e) (i). Thus, as pointed out by respondents, if Officer DeLuca is interviewed, he may provide information that may provide a basis for further investigation along lines of inquiry not heretofore pursued. Thus, the conditional order of the Supreme Court incorrectly assumed any future interview of DeLuca would not give rise to such new information and would be the end of the investigation, thereby terminating any threat of "interference" with a law enforcement investigation. Likewise, the record is devoid of any competent medical evidence as to the condition of Officer DeLuca. Accordingly, we reverse the judgment and dismiss the petition, without prejudice to renew, after the NYPD either interviews Officer DeLuca or receives sufficient medical evidence to establish his incapacity to be interviewed. Upon the occurrence of either of these events, respondent NYPD must either close the investigation or submit sworn statements that Officer DeLuca's interview furnished new information which is being actively followed up. Concur—Nardelli, J. P., Wallach, Lerner and Rubin, JJ.