Matter of Century Indem. Co. v Office of the N.Y. Attorney Gen.

2026 NY Slip Op 02492

April 23, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Century Indemnity Company, Appellant,

v

Office of the New York Attorney General, Respondent.

Decided and Entered:April 23, 2026

CV-25-0568

Calendar Date: February 18, 2026

Before: Reynolds Fitzgerald, J.P., Ceresia, Fisher, Powers And Mackey, JJ.

Faegre Drinker Biddle & Reath LLP, New York City (Avi Schick of counsel), for appellant.

Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondent.

[*1]

Fisher, J.

Appeal from a judgment of the Supreme Court (Adam Silverman, J.), entered February 19, 2025 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's Freedom of Information Law request.

In 2018, respondent announced separate investigations into sexual abuse allegations at the eight Roman Catholic Dioceses within New York. As part of these investigations, respondent issued civil subpoenas to each diocese — including, as relevant here, the Diocese of Ogdensburg (hereinafter the Diocese). In February 2024, petitioner, an insurance company, submitted a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request to respondent, seeking all documents the Diocese produced to respondent in response to 1) the initial subpoena, and 2) all other subpoenas, investigation demands or any other requests made by respondent after issuance of the initial subpoena. Respondent denied the request, citing an active investigation into the Diocese, and affirmed this denial on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding seeking an order directing respondent to produce all responsive records to its FOIL request and counsel fees. Supreme Court dismissed the petition, finding that respondent had adequately invoked the law enforcement statutory exemption to the disclosure requirements under FOIL. Petitioner appeals.

We affirm. "FOIL imposes a broad duty of disclosure on government agencies and all agency records are presumptively available for public inspection and copying" (Matter of Appellate Advocates v New York State Dept. of Corr. & Community Supervision, 233 AD3d 1130, 1131 [3d Dept 2024] [internal quotation marks and citations omitted], lv denied 44 NY3d 902 [2025]; see Matter of Lost Lake Holdings LLC v Hogue, 231 AD3d 1406, 1408 [3d Dept 2024]). However, an agency may withhold records under certain narrowly construed exemptions, with the burden "on the agency seeking to prevent disclosure to demonstrate that the requested materials fall squarely within a FOIL exemption by articulating a particularized justification for denying access" (Matter of New York State Corr. Officers & Police Benevolent Assn., Inc. v New York State Dept. of Corr. & Community Supervision, 224 AD3d 974, 975 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Munson v New York State Div. of Criminal Justice Servs., 228 AD3d 1119, 1120 [3d Dept 2024]). The law enforcement exemption is one such instance — when invoked, "the reviewing court is required to evaluate (1) whether the records were compiled for law enforcement purposes; and (2) whether disclosure of the records would interfere with law enforcement investigations or judicial proceedings" (Matter of Disability Rights N.Y. v New York State Commn. of Corr., 194 AD3d 1230, 1232 [3d Dept 2021] [internal quotation marks and citation omitted]; see Public [*2]Officers Law § 87 [2] [e] [i]). Where an agency relies on this exemption, it "may fulfill its burden to articulate a factual basis for the exemption under FOIL by identifying the generic kinds of documents for which the exemption is claimed, and the generic risks posed by disclosure of those categories of documents" (Matter of Abdur-Rashid v New York City Police Dept., 31 NY3d 217, 227 [2018] [internal quotation marks, brackets and citation omitted]; accord Matter of Disability Rights N.Y. v New York State Commn. of Corr., 194 AD3d at 1232).

Neither party disputes that the documents were compiled for law enforcement purposes, therefore our analysis focuses on the second prong and whether their disclosure would interfere with law enforcement or judicial proceedings. In support of this inquiry, respondent submitted the attorney affirmation of its FOIL appeals officer who authored the administrative appeal determination. She referenced such determination and averred that the investigation into the Diocese was "ongoing," identifying five categories of documents that the requested records fell under. She explained the risks of disclosing documents from any of these categories of records, notably that such disclosure could hinder respondent's investigation by affecting interactions with the Diocese's counsel, witness interviews, the willingness of witnesses to speak with investigators and could bring unwanted publicity to the investigation. Respondent also submitted the attorney affirmation of its assistant counsel, who served with the enforcement section of respondent's Charities Bureau, and averred that the ongoing investigation of the Diocese involves an approximately 70-year period with hundreds of witnesses. He outlined that disclosing the records obtained during the ongoing investigation could result in the revelation of attorney work product and litigation strategies, and result in third parties contacting witnesses concerning issues respondent is investigating before it has an opportunity to conclude its investigation — impairing respondent's ability to obtain candid, unprepared testimony from relevant witnesses.

Based on the foregoing, we agree with Supreme Court that respondent met its burden of articulating a particularized and specific justification for denying disclosure under the law enforcement exemption. Contrary to petitioner's assertion, the administrative appeal determination and supporting affirmations were sufficient to establish that an investigation was active regardless of whether it was described as "open," "active" or "ongoing," as the potential risks from disclosure that they described could only affect an investigation that has not yet concluded (see Matter of Disability Rights N.Y. v New York State Commn. of Corr., 194 AD3d at 1234; Matter of DeLuca v New York City Police Dept., 261 AD2d 140, 141 [1st Dept 1999]). By identifying the categories of documents for which the exemption was claimed and the associated risks that would [*3]flow from their disclosure, respondent provided an adequate factual basis demonstrating that disclosure would interfere with a law enforcement investigation (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 78 [2017]; Matter of Disability Rights N.Y. v New York State Commn. of Corr., 194 AD3d at 1234; Matter of Judicial Watch, Inc. v City of New York, 178 AD3d 540, 541 [1st Dept 2019]; compare Matter of Vertucci v New York State Dept. of Transp., 195 AD3d 1209, 1211 [3d Dept 2021], lv denied 37 NY3d 917 [2022]; Rebello v Thomas Dale Commr. Nassau County Police Dept., 2014 NY Slip Op 31424[U], *6 [Sup Ct, NY County 2014] [wherein the respondent agency failed to identify any categories of documents requested at all or articulate the impact that their disclosure would have on the investigation]). Given our holding, petitioner has not established its entitlement to counsel fees (see Public Officers Law § 89 [4] [c]; Matter of Disability Rights N.Y. v New York State Commn. of Corr., 194 AD3d at 1235). To the extent not already addressed, petitioner's remaining contentions have been examined and found to be without merit or rendered academic.

Reynolds Fitzgerald, J.P., Ceresia, Powers and Mackey, JJ., concur.

ORDERED that the judgment is affirmed, without costs.